#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATTENTIVE MOBILE INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 23-87-CJB |
| | ) |
| v. | ) |
| | ) |
| STODGE INC. d/b/a POSTSCRIPT, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT STODGE INC. D/B/A POSTSCRIPT'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Michael J. Sacksteder
Todd R. Gregorian
Jonathan T. McMichael
John M. DiBaise
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300

Dated: March 29, 2023
10710599 / 22870.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant Stodge Inc.
d/b/a Postscript*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................................1 | |
| II. | THE ASSERTED PATENTS CLAIM ONLY AN ABSTRACT IDEA. ..............................2 | |
| | A. | The claimed inventions neither address nor provide a solution to a technological problem..................................................................................................2 |
| | B. | Attentive's case law comparisons are inapposite.....................................................7 |
| III. | THE ASSERTED PATENTS ADD NO INVENTIVE CONCEPT TO THE ABSTRACT IDEA. ...........................................................................................................8 | |
| IV. | LEAVE TO AMEND WOULD BE FUTILE....................................................................10 | |
| V. | CONCLUSION..................................................................................................................10 | |

# TABLE OF AUTHORITIES

**CASES**         **PAGE(S)**

*Affinity Labs of Tex., LLC v. Amazon.com Inc.*,
  838 F.3d 1266 (Fed. Cir. 2016) ............................................................................2, 7, 9

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) .................................................................................... *passim*

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
  788 F.3d 1371 (Fed. Cir. 2015) .....................................................................................6

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018) .....................................................................................4

*Bridge and Post, Inc. v. Verizon Commc'ns, Inc.*,
  778 F. App'x 882 (Fed. Cir. 2019) ................................................................................3

*CardioNet, LLC v. InfoBionic, Inc.*,
  955 F.3d 1358 (Fed. Cir. 2020) .....................................................................................8

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019) ...................................................................................1, 4

*Credit Acceptance Corp. v. Westlake Servs.*,
  859 F.3d 1044 (Fed. Cir. 2017) ..................................................................................2, 6

*Customedia Techs., LLC v. Dish Network Corp.*,
  951 F.3d 1359 (Fed. Cir. 2020) .....................................................................................5

*DDR Holdings, LLC v. Hotels.com, L.P.*,
  773 F.3d 1245 (Fed. Cir. 2014) .....................................................................................7

*Elec. Pwr. Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016) ..................................................................................3, 6

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
  879 F.3d 1299 (Fed. Cir. 2018) .....................................................................................8

*Glasswall Sols. Ltd. v. Clearswift Ltd.*,
  754 F. App'x 996 (Fed. Cir. 2018) ..............................................................................10

*Hantz Software, LLC v. Sage Intacct, Inc.*,
  No. 2022-1390, 2023 WL 2569956 (Fed. Cir. Mar. 20, 2023) ...................................10

*In re TLI Commc'ns Pat. Lit. v. AV Auto., LLC*,
  823 F.3d 607 (Fed. Cir. 2016) ...............................................................................2, 8, 9

*Int'l Bus. Machs Corp. v. Zillow Grp., Inc.*,
  50 F.4th 1371 (Fed. Cir. 2022) ......................................................................................9

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
    792 F.3d 1363 (Fed. Cir. 2015) ...................................................................................... 6

*RecogniCorp, LLC v. Nintendo Co.*,
    855 F.3d 1322 (Fed. Cir. 2017) ...................................................................................... 6

*Simio, LLC v. FlexSim Software Prod., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020) ............................................................................. 2, 3, 10

*TecSec, Inc. v. Adobe Inc.*
    978 F.3d 1278 (Fed. Cir. 2020) ...................................................................................... 7

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014) ........................................................................................ 3

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
    957 F.3d 1303 (Fed. Cir. 2020) ...................................................................................... 8

*Univ. of Fla. Rsch. Found., Inc. v. GE Co.*,
    916 F.3d 1363 (Fed. Cir. 2019) .................................................................................. 2, 6

*V-Formation, Inc. v. Benetton Grp. SpA*,
    401 F.3d 1307 (Fed. Cir. 2005) ...................................................................................... 5

*Weisner v. Google LLC*,
    51 F.4th 1073 (Fed. Cir. 2022) ....................................................................................... 9

*WhitServ LLC v. Donuts Inc.*,
    809 F. App'x 929 (Fed. Cir. 2020) ............................................................................... 10

**I.      INTRODUCTION**

Attentive rests its claim to patent-eligibility—and devotes more than half of its brief—to an argument that its patents are not themselves abstract, but merely "involve" an abstract idea. D.I. 16, "Opp." at 1, 4-13. According to Attentive's argument, the asserted patents are like the Wright Brothers' airplane, the printing press, the steam engine, and the cotton gin, inventions that disclose concrete solutions even though they operate according to principles of physics like Bernoulli's principle or gravity. *Id.* at 6-7. By juxtaposing its patents to some of the greatest machine inventions of all time, Attentive shows exactly why its claims are ineligible, and thus why this Court must invalidate them. The idea of enrolling customers in a promotion using a prefilled and preaddressed request is not some background law of nature against which the invention operates. It is a longstanding business method, and one that is expressly claimed by Attentive's patents. And it falls squarely within *Alice* jurisprudence for longstanding methods of organizing human activity, including advertising and marketing. The patents are ineligible because, unlike the feats of engineering in Attentive's examples, they merely instruct the public to carry out an abstract idea using well-known computer technologies according to their intended use and, as such, contribute nothing significantly more than the idea itself.

Attentive concedes that the patents introduce no new hardware or software. *See* Opp. at 14-20. And so it pivots, pointing the Court to a drawing found nowhere in the patents and created by its counsel for the purpose of opposing this motion. *Id.* at 1, 3-5, 14-15. This demonstrative "evidence" is, at most, an attorney's *characterization* of the claims—not the claims themselves— and also one that fails to represent the claim limitations accurately. *Cf. ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) ("[T]he specification cannot be used to import details from the specification if those details are not claimed"). Regardless of its degree of accuracy, the drawing underscores the lack of an inventive concept in these patents. Attentive

1

argues that the drawing depicts a novel architecture that improves prior art methods by reducing the amount a user must type to subscribe.  But the claimed advance is simply to use well-known and commonly practiced mobile web technologies to pre-address a message.  And even if *novel*, a decade of controlling precedent holds that the novelty or non-obviousness of any elements in a process—or even the process itself—is of *no relevance* to determining patent-eligibility.  *See, e.g.*, *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1270 n.3 (Fed. Cir. 2016).  The supposed advance in the patents is still just the abstract idea to use prefilled and preaddressed subscription forms, and the drawing reveals no unconventional technologies or steps for automating that process—all the components depicted "behave exactly as expected according to their ordinary use."  *In re TLI Commc'ns Pat. Lit. v. AV Auto., LLC*, 823 F.3d 607, 615 (Fed. Cir. 2016).  The drawing, and the claims it purports to represent, do not contribute anything "significantly more than [the abstract idea] itself," *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217-18 (2014), and thus they are ineligible for patenting under § 101.

## II.     THE ASSERTED PATENTS CLAIM ONLY AN ABSTRACT IDEA.

### A.     The claimed inventions neither address nor provide a solution to a technological problem.

"[M]ere automation of manual processes using generic computers does not constitute a patentable improvement in computer technology."  *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017) (citations omitted); *see also Univ. of Fla. Rsch. Found., Inc. v. GE Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019).  Thus, at Step One, a patentee cannot avoid a ruling of ineligibility by pointing to the use of generic computing components to improve user experience, "improve[] speed or efficiency" in users performing manual processes, avoid "transcription errors," or improve the conversion rate or other monetization of users.  *See Univ. of Fla.*, 916 F.3d at 1364-65, 1367; *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1361

2

(Fed. Cir. 2020); *Bridge and Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 890 (Fed. Cir. 2019). These are not technical improvements to a *computer's* functionality; they simply describe the benefits of various forms of conventional computer automation. *Simio*, 983 F.3d at 1361. Attentive's claims purport to use conventional computers to automate the process of enrolling customers in promotions using a prefilled and preaddressed request, and thus are unpatentable abstract ideas. D.I. 10, "Mot." at 8-12.

Attentive cannot avoid this conclusion by arguing that Postscript's description at Step One fails to fully capture the patent claims, and by extension that the inventions merely "*involve*[]" this abstract idea but are not "*directed to*" it. Opp. at 4-7 (emphases added). The Step One inquiry examines "the 'focus' of the claims, their 'character as a whole,'" *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016), and need not include every limitation in the claims. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (holding that although there were additional limitations, "the concept embodied by the majority of the limitations describes only" an abstract idea). Here, the asserted claims merely recite instructions "'configured to' cause" conventional servers or processors to enroll a user in a subscription with a prefilled and preaddressed request. Mot. at 4-6. They do not describe any improvement in computer capabilities, nor do they "involve" an abstract idea—they claim one.

Attentive relies on a "sequence diagram" in its opposition, which Attentive argues discloses "specific" technology that is not abstract. Opp. at 1, 5. This drawing appears nowhere in the patents and



3

fails to represent the claim language accurately.[1]  The Court can and should disregard it, as the § 101 inquiry focuses on what is "captured in the claims," not a party's reinterpretation of them or even what is disclosed in the specification.  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018); *see also Chargepoint*, 920 F.3d at 769 ("Even a specification full of technical details about a physical invention may nonetheless conclude with claims that claim nothing more than the broad law or abstract idea underlying the claims, thus preempting all use of that law or idea.").

But even if it did deserve consideration, Attentive's drawing only highlights the abstract nature of the claims.  None of Attentive's "four structures (A-D)" (Opp. at 5) comprises any special hardware.  The specification describes the "click-to-text server" and "client server" as black boxes that can be any existing computer hardware, and the "browser" and "messaging application" are also any of a multitude of conventional software components available off-the-shelf.  Mot. at 4-6.  Likewise, all the intermediate software "steps" in Attentive's diagram are conventional software tools:  integration tags (1), webpages (2), URIs and deeplinks (4, 6), and communication of data between servers and devices (3, 5, 7- 8).  *See id*. at 4-5, 8-12 (citing, *e.g.*, '887 patent at 3:8-12, 3:20-23, 4:56-5:10, 6:5-10, 6:20-21, 10:16-23, 11:47-51, 11:59-65, 12:22-29, 20:38-59).  Attentive makes no argument otherwise, nor could it based on the disclosures in the specification.  *See* Mot. at 4-5.  For example, the specification describes "integration tags" in purely functional terms as code that allows communication with a server.  *Id.*; *see also* '887 patent at 10:20-23, 11:59-65, 12:22-29.  The specification acknowledges that deeplinks and URIs were known tools to identify a device and transition between mobile applications, and were already supported in mobile

---

[1] As just one example, "function (3)" of the diagram is *contrary* to the claims, which recite "user data" being sent to *either* the conventional server, the click-to-text server, *or both*.  '877 patent at Claim 1.  The diagram shows the "user data" as sent only to the click-to-text server.

4

operating systems such as "the Apple® iOS system and the Android™ system."[2]  Mot. at 4-5; *see also* '887 patent at 3:14-16, 3:20-23, 10:16-32.  None of this is in dispute.  The patents' use of conventional computer technology to carry out an idea renders the claims abstract.  *Id.* at 10-12.

As Attentive acknowledges, invoking conventional computers "as a tool" to carry out an abstract idea is not enough to render claims patent-eligible.  Opp. at 8; *see also Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020).  Yet, that is all the patent claims here purport to do.  Each asserted claim recites the use of only conventional computing components and computer-code "instructions" to enroll customers in promotions using prefilled and preaddressed requests—an abstract idea.  Mot. at 4-5, 11-12.  Attentive argues that the claimed invention was a "true leap" because it allowed customers "to sign up for promotions more easily," "reduc[ed] friction," "significantly increas[ed] conversions," avoided users having to input information "manually," and avoided "mistyped [] phone numbers" (Opp. at 2-3), but these are the exact alleged benefits of computer automation that the case law makes clear is not an improvement to the computer itself or "computer capabilities."  *See* Mot. at 7.  Here, the alleged benefits arise from the direction to automate the process of supplying a preaddressed form—*i.e.*, the abstract idea—using the conventional technologies.

None of Attentive's remaining arguments changes the analysis.  The claims do not recite any "specific solution" to render them non-abstract, let alone any "original design choices" or a "new system that obtains mobile signups more effectively than previous systems."  Opp. at 6, 10-

---

[2] Indeed, the "References Cited" on the face of the '074 patent, which are intrinsic evidence, recite a host of prior art uses of URIs and deeplinks to open a text-messaging application on a mobile device with a prefilled and preaddressed message—years before Attentive's patents.  *See, e.g.*, URI Scheme for Global System for Mobile Communications (GSM) Short Message Service (SMS) at Abstract, §§ 1.2.3, 1.2.4, available at https://www.ietf.org/rfc/rfc5724.txt; *see also V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1311 (Fed. Cir. 2005) ("[P]rior art cited in a patent or cited in the prosecution history of the patent constitutes intrinsic evidence.").

5

11. There is little better indication of this than Attentive's own opposition brief, which reprints the same attorney drawing three times but fails to identify *anything* specific in the claims or any specification showing a technical *solution—i.e.*, a particular way of preaddressing a mobile web form—other than by using conventional elements. At best, the claims contemplate the use of a broad range of preexisting computer technologies described according to their usual functions. Mot. at 4-5, 8-12. The "essentially result-focused, functional character" of the claims confirms they are directed to patent-ineligible subject matter. *See Elec. Power Grp.*, 830 F.3d at 1356.

Nor is Attentive correct that an invention is only abstract if these conventional elements "were *inherent* to the abstract idea." Opp. at 6. There is no "inherency" standard. The case on which Attentive relies, *Intellectual Ventures I LLC v. Capital One Bank (USA)*, held only that claims carrying out an idea using only "generic computer element[s]" were abstract. 792 F.3d 1363, 1370-71 (Fed. Cir. 2015). As noted above, Federal Circuit precedent is clear that patents are abstract when they seek to claim ideas using only conventional computer technologies, regardless of whether every specific technology is "inherent"—*i.e.*, a component logically or practically necessary—to performing the idea on a computer. Mot. at 8-12; *see also Univ. of Fla.*, 916 F.3d at 1367; *Credit Acceptance*, 859 F.3d at 1055. Federal Circuit law indicates exactly the opposite. A patentee cannot achieve eligibility by adding more conventional technologies beyond what is necessary. *See RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017) ("Adding one abstract idea (math) to another abstract idea (encoding and decoding) does not render the claim non-abstract."). And a patent claim may be ineligible as abstract even if it does not preempt *all* conventional ways of carrying out the idea. *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility."). Attentive's

unsupported "inherency" standard does not save the claims.

Finally, even if Attentive's "design choices" *were* "original" as it contends—even if, for example, *no one else* had ever previously used integration tags and deeplinks to pre-populate a form in a messaging application[3]—that is irrelevant. "[T]he eligibility finding does not turn on the lack of novelty of the claim; it turns on the fact that the claim is drawn to any embodiment of an abstract idea." *Affinity Labs of Tex.*, 838 F.3d at 1270 n.3.

### B. Attentive's case law comparisons are inapposite.

None of Attentive's authorities supports its argument for eligibility. Opp. at 11-13. In *DDR Holdings*, *LLC v. Hotels.com, L.P.*, the Court held that the claims were directed to a concrete improvement to computer technology: a "new, hybrid web page" that merged elements from multiple sources, "overrid[ing] the routine and conventional sequence of events ordinarily triggered by the click of a hyperlink." 773 F.3d 1245, 1257-58 (Fed. Cir. 2014). Unlike here, there was no real-world analog in *DDR Holdings*. Mot. at 13 n.5. Nonetheless, Attentive asserts that its claims are "at least as 'technical'" as those in *DDR Holdings* because they involve "the transport between locations when a user taps an ad" and they "override[]" the normal events "triggered by the click of a hyperlink." Opp. at 10. Not so. The claims here simply use links to move from one screen to the next, exactly as expected. In *DDR Holdings*, by contrast, the claimed web page "overr[ode] the routine and conventional sequence of events" and was thus not abstract.

In *TecSec, Inc. v. Adobe Inc.* 978 F.3d 1278 (Fed. Cir. 2020), the claims were directed to network security methods that improved the performance of computer networks using multiple levels of encryption and a new "object oriented key manager." *Id.* at 1293, 1295 (emphasis added).

---

[3] To be clear, Postscript contests that this is the case, and contends that the asserted claims are all invalid for anticipation and/or obviousness. Those defenses are beyond the scope of this Rule 12(b)(6) motion to dismiss. *See Affinity Labs of Tex.*, 838 F.3d at 1270 n.3.

7

Here, Attentive's claims merely *use* conventional computer technology, rather than improve it.[4]

Because the claims merely recite conventional computer technology to automate enrolling customers in subscriptions using prefilled and preaddressed messages, the Court should hold that they are abstract at *Alice* Step One.

## III. THE ASSERTED PATENTS ADD NO INVENTIVE CONCEPT TO THE ABSTRACT IDEA.

The claims of the asserted patents also fail at Step Two of *Alice*. To survive at Step Two, the claims must include an inventive concept—*i.e.*, "significantly more" beyond the abstract idea itself. *Alice*, 573 U.S. at 217-18. Recitation of only generic computing components to carry out an idea, as in Attentive's claims, is not an inventive concept. Mot. at 14-15.

None of Attentive's arguments in opposition establishes an inventive concept.

*First*, Attentive argues that the combination of claimed elements is not "inherent to every solution for using prefilled enrollment requests." Opp. at 14-15. Attentive notably cites no legal authority for this position, and none exists. The relevant question is not whether the claim elements are "inherent" to the solution, but whether the claim merely "recite[s] physical components [that] behave exactly as expected according to their ordinary use." *TLI*, 823 F.3d at 615. Here, they do. As described above, the asserted claims merely recite "instructions" for conventional computer hardware (*e.g.*, servers and processors) to use known technologies (*e.g.*, browsers, integration tags,

---

[4] Attentive also asserts, in a single conclusory sentence, that its claims are analogous to those in *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. 2020), *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299 (Fed. Cir. 2018), *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358 (Fed. Cir. 2020), and "others." Opp. at 11-12. *Uniloc* involved claims that improved the function of networks by "reduc[ing] latency experienced by parked secondary stations in communications systems." 957 F.3d at 1307-08. *Finjan* involved the invention of a new kind of "behavior-based" virus scan. 879 F.3d at 1304. And the claims in *CardioNet* related to an "improved cardiac monitoring device" that detects and determines the relevance of heartbeat activity. 955 F.3d at 1368. There is no meaningful analogy to be drawn between these cases and the claims here, nor does Attentive attempt to articulate one.

8

URIs, and deeplinks) in the ordinary and expected way to automate what had been done manually before. *See* Mot. at 14-17.[5] This is not enough at *Alice* Step Two. *See TLI*, 823 F.3d at 615.

*Second*, Attentive suggests that the ordering of the claimed steps provides an inventive concept. Opp. at 15-16. But as Postscript showed in its opening brief, the Federal Circuit has rejected "ordered combination" arguments like this one where the claims recite only conventional computers carrying out their ordinary functions "in a completely conventional way." Mot. at 15-16 (citing, *e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1341 (Fed. Cir. 2017)). This is fatal to Attentive's claims. Indeed, Attentive must come forward and identify an *unconventional* combination or ordering of the steps to perform the method, but Attentive's opposition fails to do so. Opp. at 15; *see also Int'l Bus. Machs Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1379 (Fed. Cir. 2022) ("[T]he district court need not accept a patent owner's conclusory allegations of inventiveness."); *Alice*, 573 U.S. at 225 ("[E]ach step does no more than require a generic computer to perform generic computer functions.").

*Third*, Attentive argues that its claimed combination was "unconventional," "praised," "revolution[ary]," "widely adopted," or a "new *way*" to achieve automation. *See* Opp. at 17-20. But allegations of novelty or non-obviousness do not satisfy Step Two of *Alice* or save the claims from ineligibility. *See Affinity Labs of Tex.*, 838 F.3d at 1270 n.3. Thus, Attentive's allegations of

---

[5] The Federal Circuit has implicitly rejected Attentive's unsupported "inherency" theory at Step Two as well. For example, in *Weisner v. Google LLC*, two of the asserted patents related to the abstract idea of "creating a digital travel log" and lacked inventive concept. 51 F.4th 1073, 1082-83 (Fed. Cir. 2022). But the Federal Circuit did not hold that the specific methods in the specification and claims were "inherent" to every process for creating the travel log. Nor was such a holding required. The Federal Circuit agreed with the district court that the claims "d[id] not recite significantly more than the abstract idea of digitizing a travel log using conventional components," and the claims were therefore invalid. *Id.* at 1084.

9

novelty, even if true (they are not), do not provide an inventive concept here.[6]

Ultimately, Attentive argues, contrary to the law, that it may avoid dismissal through characterizations in the pleading. Opp. at 18-20. But a plaintiff "cannot render its complaint immune from dismissal by merely asserting that its methods are 'novel' and 'improve the technology'" in the field. *Glasswall Sols. Ltd. v. Clearswift Ltd.*, 754 F. App'x 996, 999 (Fed. Cir. 2018). The Court should grant Postscript's motion.[7]

## IV.   LEAVE TO AMEND WOULD BE FUTILE

The Court should also deny leave to amend for futility. Though Attentive requested leave to amend, it did so as an afterthought—identifying no proposed amendment whatsoever, let alone one that could arguably save the claims under *Alice*. Nor could it, as the specification itself establishes that the patents carry out the abstract steps using only conventional technologies operating according to their usual operation. *See WhitServe*, 809 Fed. App'x at 935; *see also Simio*, 983 F.3d at 1364 (affirming "futility-based denial" of leave to amend).

## V.   CONCLUSION

The claims are directed toward an abstract idea, and they contain no additional inventive concept to save them from ineligibility. For these and the foregoing reasons, the Court should rule the asserted claims invalid and dismiss Attentive's complaint with prejudice.

---

[6] Even if Attentive's allegations of industry praise were appropriately considered (they are not), Attentive fails to tie the alleged praise to what is claimed. *WhitServ LLC v. Donuts Inc.*, 809 F. App'x 929, 935 (Fed. Cir. 2020). In addition, Attentive's suggestion that its patents must be valid because competitors have allegedly copied them (Opp. at 3) does not appear in the pleadings, nor is it accurate or an appropriate consideration under *Alice*.

[7] Attentive states that three claims—claims 3, 12, and 13 of the '887 patent—may include unconventional limitations. Opp. at 20. But Attentive has not asserted those claims in its complaint, and thus this argument does not preclude the Court from granting the motion. *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956, (Fed. Cir. Mar. 20, 2023) (holding that ineligibility judgment on a motion to dismiss applies to asserted claims).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael J. Sacksteder
Todd R. Gregorian
Jonathan T. McMichael
John M. DiBaise
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300


Dated: March 29, 2023
10710599 / 22870.00001

By: */s/ David E. Moore*
   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Andrew L. Brown (#6766)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE 19801
   Tel: (302) 984-6000
   dmoore@potteranderson.com
   bpalapura@potteranderson.com
   abrown@potteranderson.com

*Attorneys for Defendant Stodge Inc.*
*d/b/a Postscript*

11