IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ATTENTIVE MOBILE, INC.,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**STODGE INC. d/b/a POSTSCRIPT,**<br><br>*Defendant.* | **Civil Action No. 23-87-CJB**<br><br>**JURY TRIAL DEMANDED** |

## <u>STIPULATED PROTECTIVE ORDER</u>

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS**

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the above captioned action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. This definition does not include professional jury or trial consultants.

2.7     <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items" disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information or items may include, without limitation, pending but unpublished patent applications; information concerning research, development and other activities related to unreleased products; trade secrets; or other highly confidential research, development, technical, financial, or commercial information.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" constituting source code. Source code as used herein includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source code also includes source code files, which are text files containing source code. Source code files include, but are not limited to, files containing source code written in

"C," "C++," Objective-C, Java, assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages. Source code files further include ".include files," "make" files, link files, header files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Non-human readable files, including but not limited to binary executable files, object code files, compilers and linkers, if produced, shall be afforded the same protection as the source code defined in this section. Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, shall also be afforded the same protection as the source code defined in this section.

2.9     In-House Counsel: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (including support staff).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined

above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that might reveal Protected Material. However, the

protections conferred by this Order do not cover the following information: (a) any information that

is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

this Order, including becoming part of the public record through trial or otherwise; and (b) any

information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party

after the disclosure from a source who obtained the information lawfully and under no obligation of

confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by

a separate agreement or order.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (*e.g.*, section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –  SOURCE CODE" to each page that contains protected material. Any correspondence transmitting Protected Material (*i.e.*, production cover letters) should identify the confidentiality designation of any material being transmitted or otherwise produced. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL  –  OUTSIDE ATTORNEYS'  EYES  ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b) for testimony given in deposition, the transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" automatically for a period of 21

days from the end of the deposition. Within the 21-day period, the Designating Party must specify the level of protection being asserted before the court reporter issues the final transcript. For testimony given in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the hearing or other proceeding, the level of protection being asserted.

A Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation under this Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and indicate the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including retrieving it from individuals not authorized to view it under the corrected designation.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall initiate the Court's discovery dispute procedure to challenge the Designating Party's confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve

their dispute, whichever is earlier. Failure by the Challenging Party to initiate the discovery dispute procedure within 21 days (or 14 days, if applicable) shall automatically waive any challenge to the confidentiality designation for each challenged designation. In addition, the Designating Party may initiate a discovery dispute with the Court seeking to alter a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. In the event of a challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This includes storing electronic Protected Material in password protected form.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     the Receiving Party's In-House Counsel, who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside

general counsel in the litigation of this action, provided that before access is given, the In-House

counsel has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A;

(c)    Experts (as defined in this Order) of the Receiving Party and their professional

staff, to whom (1) disclosure is reasonably necessary for this litigation, (2) who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) to whom the procedures set

forth in paragraph 7.4(a), below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses of the Designating Party to whom

disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by

the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material must be separately bound by the court reporter and may not be disclosed to anyone except

as permitted under this Order; and

(g)    the author or recipient of a document containing the information or a custodian

or other person who otherwise possessed or knew the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE  CODE" only to

individuals listed in paragraphs 7.2(a) and (c)-(g).

7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.2(c) or 9(f) first must make a written request to the Designating Party at least seven (7) days before access to the Protected Material is to be given to that expert that (i) provides the expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and current curriculum vitae; (ii) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (iii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iv) identifies the Expert's past and present employment, and/or consulting relationships for the last four years, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert seven (7) days after disclosure under Section 7.4(a) unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may initiate a discovery dispute with the Court within seven (7) days of the notice of objection, or within such other time as the Parties may agree, seeking permission from the court to do so. Any such

motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

The Party opposing disclosure to the Expert shall bear the burden of proving the need for a protective order. No disclosure should occur until all such objections are resolved by agreement or by Court order.

## 8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives and actually reviews "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is technical in nature shall not supervise, assist, substantively advise, or otherwise substantively counsel in the drafting or amending of patent claims of any patent application or patent directed to any purported invention in the same technological field as the patent(s)-in-suit, or the patent(s)-in-suit, before any foreign or domestic agency for a period commencing on that individual's review of such information and ending eighteen (18) months after the final resolution of this litigation. This provision does not prohibit a Party's Counsel or Experts from participating in reexamination proceedings, Post-Grant Review proceeding, *Inter Partes* Review proceeding, or Covered Business Method Review proceeding involving any of the Party's patents, provided, however that such Counsel and/or Experts (who received and actually reviewed the Party's technical Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") do not participate in the drafting or amending of any patent claims pertaining to the information disclosed in the Protected Materials. The duration of this section may be, but is not required to be, terminated earlier by agreement of the parties (*e.g.*, in the

case of settlement).

Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for any purpose, including the purpose of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who reviews the Protected Materials described above and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Attorneys who work on this matter without reviewing the Protected Materials described above shall not be restricted from engaging in prosecution on matters that fall within the prosecution bar.

**9.      SOURCE CODE**

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)      Access to a Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" material shall be provided only on a "stand-alone" computer(s), provided by the Producing Party, that is not linked to any network, including a local area network ("LAN"), an intranet, the Internet, or any peripheral device other than a keyboard, mouse, printer, and monitor ("Source Code Computer"). Upon request, the Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code material or, alternatively, at the sole discretion of the Producing Party, the Producing Party shall provide capabilities on the Source Code Computer to print files to PDF and, separately, the Producing Party shall print the files printed to PDF, consistent with the other terms of this Order. Any pages printed from a printer linked to the source code computer during the inspection session or printed to PDF on the Source Code Computer shall not be permitted to leave the secure room and shall be immediately provided or identified to the Producing Party at the conclusion of the inspection session. The Source Code Computer shall be maintained in a secure room at either (1) an office of the Producing Party's

Outside Counsel of Record or (2) another mutually agreed-upon location, access to which shall be controlled by reasonable physical (e.g., locked doors) and electronic (e.g., password or other access provisions) security measures. Use of any input/output device (e.g., USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the Source Code Computer, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor provided by the Producing Party) with the Source Code Computer, nor shall the Receiving Party attempt to install any software on the Source Code Computer.

(c)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Producing Party will make a separate, private room available for the Receiving Party to confer or talk on the phone.

(d)     The Receiving Party may request any reasonable software tools on the Source Code Computer, which shall be installed by the Producing Party but at the Receiving Party's expense, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. Software tools to compile or execute source code shall not be considered reasonably necessary for the Receiving Party to perform its review of the Source Code. The Receiving Party must provide the Producing Party with media, such as a CD, DVD, or USB storage drive containing any such tool(s)—or appropriate online location where such tool(s) can be downloaded from—at least eight (8) business days in advance of the date upon which the Receiving Party wishes to have the tool(s) available for use. The Producing Party will make a good-faith attempt to install them on the Source Code Computer. The Receiving Party is not allowed to install any software on the Source Code Computer. The Producing Party may notify the Receiving Party that it declines to install any requested inspection software if the software represents any unreasonable risk of compromising

security of the source code or the Source Code Computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order. Such notice shall be provided no later than ten (10) days prior to any scheduled inspection, or five (5) days after receiving the CD or DVD containing such software tool(s) or appropriate online location where such tool(s) can be downloaded from, whichever is later. Within three (3) days of such notification by the Producing Party, the parties shall meet and confer in good faith to attempt to resolve the issue. If the parties cannot resolve the issue, the Producing Party may bring a motion to the Court, but the pendency of the motion will not be used as a basis to withhold access by the Receiving Party of the source code for review using other tools. For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(e)      Other than those devices provided herein, no other recording devices or  recordable media will be permitted inside the source code review room, including without limitation: sound recorders; computers; personal digital assistants; cellular phones; peripheral equipment; cameras; CDs; DVDs; floppy drives, zip drives, thumb drives, or external drives of any kind; USB memory sticks; portable hard drives; Ethernet or other cables that could be used to transfer data off of the Source Code Computer; Dictaphones; telephone jacks; or smartphones of any kind. Nor shall any non-electronic devices capable of similar functionality be permitted inside the source code review room. Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts may remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party is not responsible for any items left in the room following each inspection session.

(f)      The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take handwritten notes relating to the source code. The Receiving Party's Outside Counsel of Record and/or Experts, however, may not copy portions of any source code (*e.g.*, entire source code files or entire functions or methods where such functions or methods are longer than a few lines)

into the notes and may not take such notes electronically on the Source Code Computer itself or any

other computer or other electronic device that is connected to any network.

(g)     No copies of all or any portion of the source code may leave the room in which the

source code is inspected except as otherwise provided herein. No written or electronic record of the

source code is permitted except as otherwise provided herein. The Producing Party shall provide to

the Receiving Party one (1) copy on Bates-numbered paper, labeled "HIGHLY CONFIDENTIAL –

SOURCE CODE" within three (3) business days of the Receiving Party's designation of the

portions of the source code to be printed if fewer than 100 total pages are requested or within seven

(7) business days if a larger number of pages is requested. The Receiving Party shall not designate

source code to be printed in order to review blocks of source code in the first instance (*i.e.*, as an

alternative to reviewing that Source Code electronically on the source code Computer). Unless good

cause is shown, the Receiving Party may not designate more than fifteen (15) consecutive pages of

source code for printing. In the event the Receiving Party believes there is a need to print a

contiguous portion of Source Code exceeding fifteen (15) pages in length, the Parties shall meet and

confer regarding such need as soon as practicable and, absent agreement, seek resolution by the

Court using the procedures described above. The Receiving Party may only print those portions of

the source code that are reasonably necessary to prepare court filings, pleadings, contentions, expert

reports, or other papers. The Producing Party may also object to any request to deliver copies of

printed source code as excessive and/or not for the permitted purpose. If such objection cannot be

resolved by mutual agreement within five (5) business days, it shall be submitted to the Court for

resolution pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6

whereby the Receiving Party is the "Challenging Party" and the Producing Party is the "Designating

Party."

(h)     The Receiving Party's Outside Counsel of Record may make no more than two

additional, duplicate paper copies for use by Outside Counsel of Record and/or Experts (for a total

of 3 paper copies of any printed source code), the duplicate copies to be stored in the offices of

Outside Counsel of Record under the conditions set forth in paragraphs 7.1 and 9(i). Each of these additional copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall maintain a log of all such copies, which it must produce to the Producing Party upon request. No other copies of source code shall be made unless otherwise allowed herein. The paper copies may be used under secure conditions in depositions and in court filings and proceedings.

(i)        In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's source code, printed copies of the source code maintained by the Receiving Party must be kept in a locked storage container when not in use under secure conditions that prevent access by anyone other than Outside Counsel of Record and Experts qualified for access. No electronic copies of the source code shall be provided by the Producing Party beyond the Source Code Computer. The Receiving Party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (*e.g.*, a hotel prior to a Court proceeding or deposition), provided such printouts are stored in a secure manner such as a hotel safe.

(j)        The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. Monday through Friday, excluding Federal Holidays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's source code material at the offices of its Outside Counsel of Record or at the offices of the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

(k)        The Receiving Party must give at least seven (7) days' notice to Counsel for the Producing Party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer for any initial reviews and three (3) days' notice for additional reviews of the same, previously inspected code.

(l)        Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to Outside Counsel of Record and up to four (4) Experts (as defined in this Order) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 7.4 above. A Receiving Party may include excerpts of source code material in a pleading, court filing, exhibit, expert report, discovery document, deposition transcript, trial and hearing presentation, or other Court document if it is reasonably and in good faith believed to be necessary by the Receiving Party, provided that those documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(m)        To the extent portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source code material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(n)        Except as provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies of source code material from any paper copy of the source code for use in any manner except as identified below (including, by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of the source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings, trial exhibits, and other papers wherever possible. The Parties are not, however, restricted from using portions of source code in any pleadings, trial exhibits, or other papers where it is reasonably necessary.

(o)      A Producing Party's source code material may only be transported or provided by

the Receiving Party at the direction of a person authorized to review source code via hand carry,

Federal Express or other similarly reliable courier.

(p)      In addition to the provisions in paragraph 15, below, within four (4) weeks after a

final, non-appealable resolution of all issues in the case, the Receiving Party must, if requested

(a) return to the Producing Party, or certify the destruction of, all copies of the Producing Party's

source code, and (b) certify destruction of any notes containing, showing, or quoting the source

code. In addition, all persons to whom any copies of the source code were provided must certify in

writing that all copies of the source code were returned to the counsel who provided them and that

they will make no use of the source code in any future endeavor unless properly obtained in such

endeavor. Such certifications may be provided collectively, and any collective certification must

specify the individuals on whose behalf it is being provided.  The certification must then be

communicated to the Producing Party within said four (4) weeks.

(q)      Access to and review of source code shall be strictly for the purpose of

investigating the claims and defenses at issue in this case. No person shall review or analyze any

source code for purposes unrelated to this case, nor may any person use any knowledge gained as a

result of reviewing source code in this case or any other pending or future dispute, proceeding,

patent prosecution, or litigation.

**10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
          PROCEEDINGS**

By entering this order and limiting the disclosure of information in this case, the Court does

not intend to preclude another court from finding that information may be relevant and subject to

disclosure in another case. Any person or party subject to this order who becomes subject to a

motion to disclose another party's information designated as confidential pursuant to this order shall

promptly notify that party of the motion so that the party may have an opportunity to appear and be

heard on whether that information should be disclosed.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)        promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)        promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)        cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)        The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)        In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.        promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.        promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.        make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) make best efforts to have such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally disclosed, that shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C § 1738. In the event of a conflict of law, the law that is most protective of privileged materials shall apply.

Any Party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by notifying the Receiving  Party and providing replacement Protected Material that is properly designated. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>. Absent agreement, a Party's Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Absent agreement, material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to a H-1B visa sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the practices and procedures of the United States District Court for the District of Delaware regarding under seal filings and redacted versions of such filings.

14.5    <u>Continuing Jurisdiction</u>. After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further Court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access to

Protected Material so that the Court can continue to enforce this Order.

14.6    Injunctive Relief. In the event anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this action.

14.7    Persons Bound by Order. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

14.8    No Waiver of Rights. Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record

are entitled to retain their correspondence, and an archival copy of all pleadings, motion papers,

trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material (except in the case of Protected Material designated as

"HIGHLY CONFIDENTIAL - SOURCE CODE," which must be  returned or destroyed as

provided in paragraph 9). Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP     POTTER ANDERSON & CORROON LLP

*/s/ Michael J. Flynn*                    */s/ Andrew L. Brown*

Michael J. Flynn (#5333)            David E. Moore (#3983)
1201 North Market Street             Bindu A. Palapura (#5370)
P.O. Box 1347                       Andrew L. Brown (#6766)
Wilmington, DE 19899              Hercules Plaza, 6th Floor
(302) 658-9200                     1313 N. Market Street
mflynn@morrisnichols.com       Wilmington, DE 19801
                                     dmoore@potteranderson.com
*Attorney for Plaintiff*             bpalapura@potteranderson.com
                                     abrown@potteranderson.com

                                     *Attorney for Defendant*


April 26, 2023


**IT IS SO ORDERED,** this __27th__ day of April, 2023.


                               *Christopher J. Burke*
                               UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,_____[print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Delaware on

_____[date] in the case of *Attentive Mobile Inc. v. Stodge Inc. d/b/a Postscript*, Civil

Action No. 23-87-CJB. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of

[print or type full address and telephone number] as my agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____