**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ATTENTIVE MOBILE INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>STODGE INC. d/b/a POSTSCRIPT, )<br><br>Defendant. ) | C.A. No. 23-87-CJB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT STODGE INC. d/b/a POSTSCRIPT'S ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Stodge Inc. d/b/a Postscript ("Postscript" or "Defendant") hereby answers the

Complaint for Patent Infringement ("Complaint") filed by Plaintiff Attentive Mobile Inc.

("Attentive" or "Plaintiff") on January 25, 2023 as follows:

1.      Postscript denies the allegations in this paragraph.

2.      Postscript denies the allegations in this paragraph.

3.      Postscript lacks information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefore denies them.

4.      Postscript lacks information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefore denies them.

5.      Postscript admits that the face of U.S. Patent No. 11,416,887, ("the '887 Patent"),

U.S. Patent No. 11,416,897 ("the '897 Patent"), and U.S. Patent No. 11,553,074 ("the '074

Patent"), list Attentive as the assignee and are attached to the Complaint as Exhibits 1-3,

respectively.  Postscript lacks information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph and therefore denies them.

6.      Postscript denies the allegations in this paragraph.

7.      Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8.      Postscript admits that, like Attentive, it offers an SMS marketing platform. Postscript denies the remaining allegations in this paragraph.

9.      Postscript denies the allegations in this paragraph.

## NATURE OF THE CASE

10.     Postscript admits that Plaintiff purports to bring claims in its Complaint under the patent laws of the United States.  Postscript denies the remaining allegations in this paragraph.

## THE PARTIES

11.     Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12.     Postscript admits that the face of U.S. Patent No. 11,416,887, ("the '887 Patent"), U.S. Patent No. 11,416,897 ("the '897 Patent"), and U.S. Patent No. 11,553,074 ("the '074 Patent"), list Attentive as the assignee.  Postscript lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

13.     Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14.     Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15.     Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16.     Postscript lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17.     Postscript admits that it offers an SMS marketing platform that integrates with its customers' eCommerce platforms.  Postscript denies the remaining allegations in this paragraph.

18.     Admitted.

## JURISDICTION AND VENUE

19.     Postscript admits that the Complaint purports to bring an action arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

20.     Postscript admits that this Court has subject matter jurisdiction over this case.

21.     Postscript admits that it is a corporation organized and existing in Delaware and does not contest that this Court has personal jurisdiction over it for purposes of this action. Postscript denies that it has committed acts of patent infringement.  The remaining allegations in this paragraph state legal conclusions, which do not require an admission or denial.

22.     Postscript denies the allegations in this paragraph.

23.     Postscript does not contest that this Court has personal jurisdiction over it for purposes of this action.  Postscript admits that it conducts business in the State of Delaware. Postscript denies that it has committed acts of patent infringement.  The remaining allegations in this paragraph state legal conclusions, which do not require an admission or denial.

24.     Postscript does not contest that this Court has personal jurisdiction over it for purposes of this action.

25.     Postscript does not contest that venue is proper for purposes of this action.

26.     Postscript does not contest that venue is proper for purposes of this action. Postscript admits that it is incorporated in the State of Delaware.  Postscript denies that it has committed or will commit acts of patent infringement.  The remaining allegations in this paragraph state legal conclusions, which do not require an admission or denial.

27.     Postscript does not contest that venue is proper for purposes of this action.

Postscript incorporates by reference its responses to Attentive's venue allegations above.

Postscript lacks information sufficient to form a belief with respect to "other reasons that will be

presented to the Court," and therefore denies it.

## PLAINTIFF'S PATENTED INNOVATIONS

28.     Postscript denies the allegations in this paragraph.

29.     Postscript denies the allegations in this paragraph.

30.     Postscript denies the allegations in this paragraph.

31.     Postscript admits that U.S. Patent No. 11,416,887, ("the '887 Patent"), U.S. Patent

No. 11,416,897 ("the '897 Patent"), and U.S. Patent No. 11,553,074 ("the '074 Patent") state on

their face that they are part of the same patent family and list Attentive as the assignee.

Postscript lacks information sufficient to form a belief as to the truth of whether "Attentive owns

by assignment the entire right, title, and interest in and to the Asserted Patents," and therefore

denies that allegation.  Postscript denies the remaining allegations in this paragraph.

32.     Postscript admits that the face of U.S. Patent No. 11,416,887, ("the '887 Patent")

lists its title as "Methods and Apparatus for Mobile Device Messaging- Based Communications

Using Custom-Generated Deeplinks and Based on the Hyper Text Transfer Protocol (HTTP),"

its filing date as February 10, 2022, and its issue date as August 16, 2022.  Postscript admits that

pages 1-2 of the '887 patent list a related Provisional Application No. 62/511,413, filed on May

26, 2017 and list it as a continuation of Application No. 17/569,265, filed on January 5, 2022,

which is a continuation of Application No. 17/496,590, filed on October 7, 2021, which is a

continuation of Application No. 15/986,569, filed on May 22, 2018.  Postscript also admits that

what purports to be a copy of the '887 patent is attached to the Complaint as Exhibit 1.

Postscript denies the remaining allegations of this paragraph.

33.    Postscript admits that the face of U.S. Patent No. 11,416,897 ("the '897 Patent")

lists its title as "Methods and Apparatus for Mobile Device Messaging- Based Communications

Using Custom-Generated Deeplinks and Based on the Hyper Text Transfer Protocol (HTTP),"

its filing date as January 5, 2022, and its issue date as August 16, 2022.  Postscript admits that

pages 1-2 of the '897 patent list a related Provisional Application No. 62/511,413, filed on May

26, 2017, and list it as a continuation of Application No. 17/496,590, filed on October 7, 2021,

which is a continuation of Application No. 15/986,569, filed on May 22, 2018.  Postscript also

admits that what purports to be a copy of the '897 patent is attached to the Complaint as Exhibit

2.  Postscript denies the remaining allegations of this paragraph.

34.    Postscript admits that the face of U.S. Patent No. 11,553,074 ("the '074 Patent")

lists its title as "Methods And Apparatus For Dynamic Application Deeplinking At A Mobile

Electronic Device," its filing date as October 7, 2021, and its issue date as January 10, 2023.

Postscript admits that the face of the '074 patent lists a related Provisional Application No.

62/511,413, filed on May 26, 2017, and lists it as a continuation of Application No. 15/986,569,

filed on May 22, 2018.  Postscript also admits that what purports to be a copy of the '074 patent

is attached to the Complaint as Exhibit 3.  Postscript denies the remaining allegations of this

paragraph.

35.    The allegations in this paragraph state legal conclusions, which do not require an

admission or denial.  But if a response is required, Postscript denies them.

36.    Postscript denies the allegations in this paragraph.

37.    Postscript denies the allegations in this paragraph.

38.     Postscript denies the allegations in this paragraph.

39.     Postscript denies the allegations in this paragraph.

40.     Postscript admits that column 21 lines 40-61 of the '887 patent refer to a non-transitory computer-readable medium storing code including instructions configured to cause a click-to-text server to "(1) automatically transition from [a] first application to [a] messaging application in response to the mobile device detecting a user interaction with a promotional message associated with the webpage" and "(2) automatically populate a custom message in the messaging application."  Postscript admits that column 22 lines 1-5 of the '887 patent refer to "enroll[ing] the mobile device in a promotion associated with the promotional message based on receiving the custom message and without receiving any additional information from the mobile device."  Postscript denies the remaining allegations in this paragraph.

41.     Postscript denies the allegations in this paragraph.

42.     Postscript denies the allegations in this paragraph.

43.     Postscript denies the allegations in this paragraph.

44.     Postscript denies the allegations in this paragraph.

45.     Postscript denies the allegations in this paragraph.

46.     Postscript denies the allegations in this paragraph.

47.     Postscript denies the allegations in this paragraph.

48.     Postscript denies the allegations in this paragraph.

49.     Postscript denies the allegations in this paragraph.

50.     Postscript denies the allegations in this paragraph.

51.     Postscript denies the allegations in this paragraph.

52.     Postscript denies the allegations in this paragraph.

## **ACCUSED PRODUCTS**

53.     Postscript admits that it offers an SMS marketing platform that integrates with its customers' eCommerce platforms.  Postscript denies the remaining allegations of this paragraph.

54.     Postscript admits that the images in this paragraph appear to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

55.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

56.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

57.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

58.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

59.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations of this paragraph.

60.     Postscript admits that the images and quote in this paragraph appear to be taken from a prior version of Postscript's website.  Postscript denies the remaining allegations of this paragraph.

61.     Postscript admits that the images in this paragraph appear to be taken from a prior version of Postscript's website.  Postscript denies the remaining allegations of this paragraph.

62.     Postscript admits that the images in this paragraph appear to be taken from a prior version of Postscript's website.  Postscript denies the remaining allegations of this paragraph.

63.     Postscript admits that the images in this paragraph appear to be taken from a prior version of Postscript's website.  Postscript denies the remaining allegations of this paragraph.

64.     Postscript admits that the image in this paragraph appears to be taken from a prior version of Postscript's website, and that Postscript's mobile popup creation interface includes a dynamic popup preview functionality.  Postscript denies the remaining allegations of this paragraph.

65.     Postscript admits that the images in this paragraph appear to be taken from a prior version of Postscript's website.  Postscript denies the remaining allegations of this paragraph.

66.     Postscript denies the allegations in this paragraph.

67.     Postscript denies the allegations in this paragraph.

68.     Postscript denies the allegations in this paragraph.

69.     Postscript denies the allegations in this paragraph.

70.     Postscript denies the allegations in this paragraph.

71.     Postscript denies the allegations in this paragraph.

72.     Postscript admits that it has published a case study of a Postscript customer, Nomatic, on its website.  Postscript denies the remaining allegations in this paragraph.

73.     Postscript admits that it has published a case study of a Postscript customer, Nomatic, on its website.  Postscript denies the remaining allegations in this paragraph.

74.     Postscript admits that the screenshots in this paragraph appear to reflect Postscript functionality.  Postscript denies the remaining allegations in this paragraph.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '887 PATENT)

75.     Postscript repeats and incorporates by reference its responses to the preceding paragraphs.

76.     Postscript denies the allegations in this paragraph.

77.     Postscript admits that this paragraph recites column 21 line 39 to column 22 line 5 of the '887 patent, which is claim 1.

78.     Postscript denies the allegations in this paragraph.

79.     Postscript admits that its SMS marketing platform includes software applications. Postscript denies the remaining allegations in this paragraph.

80.     Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work.  Postscript otherwise denies the allegations in this paragraph.

81.     Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work.  Postscript denies the remaining allegations in this paragraph.

82.     Postscript denies that it owns, operates, and/or maintains a server capable of operating as a click-to-text on which the Accused Products operate located in Mountain View, CA, having an internet protocol ("IP") address of 34.111.8.32.

83.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its systems and servers receive information associated with users of its website and platform, but denies that its privacy policy is addressing information received in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

84.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing

technologies used in connection with the two-tap functionality addressed in the Complaint. Postscript denies the remaining allegations in this paragraph.

85.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and platform use cookies, and that cookies are sometimes transmitted to servers used by Postscript.  Postscript denies that the description of cookies quoted in this paragraph is addressing the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

86.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags/web beacons, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing technologies used in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

87.     Postscript admits that its SMS marketing platform assists Postscript customers in sending SMS text messages.  Postscript denies the remaining allegations in this paragraph.

88.     Postscript denies the allegations in this paragraph.

89.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

90.     Postscript denies the allegations in this paragraph.

91.     Postscript denies the allegations in this paragraph.

92.     Postscript denies the allegations in this paragraph.

93.     Postscript denies the allegations in this paragraph.

94.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

95.     Postscript denies the allegations in this paragraph.

96.     Postscript admits that certain popups enabled by Postscript allow the user to launch their messaging application with a pre-populated message.  Postscript denies the remaining allegations in this paragraph.

97.     Postscript denies the allegations in this paragraph.

98.     Postscript denies the allegations in this paragraph.

99.      Postscript denies the allegations in this paragraph.

100.    Postscript admits that the images in this paragraph appear to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

101.    Postscript denies the allegations in this paragraph.

102.    Postscript denies the allegations in this paragraph.

103.    Postscript denies the allegations in this paragraph.

104.    Postscript denies the allegations in this paragraph.

105.    Postscript admits that it cited the '887 Patent in an Information Disclosure Statement submitted to the USPTO in connection with Application No. 17/552,615.  Postscript denies the remaining allegations in this paragraph.

106.    The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But to the extent an admission or denial is necessary, Postscript denies the allegations.

107.    Postscript admits that it was aware of the '887 Patent upon service of the complaint.  Postscript denies the remaining allegations in this paragraph.

108.    Postscript denies the allegations in this paragraph.

109.    Postscript denies the allegations in this paragraph.

110.    Postscript denies the allegations in this paragraph.

111.    Postscript admits that it was aware of the '887 Patent and the allegations in the complaint upon service of the complaint.  Postscript denies the remaining allegations in this paragraph.

112.    Postscript denies the allegations in this paragraph.

113.    Postscript denies the allegations in this paragraph.

114.    Postscript denies the allegations in this paragraph.

115.    Postscript denies the allegations in this paragraph.

116.    Postscript denies the allegations in this paragraph.

117.    Postscript denies the allegations in this paragraph.

118.    Postscript denies the allegations in this paragraph.

119.    The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But if a response is required, Postscript denies them.

120.    Postscript denies the allegations in this paragraph.

121.    Postscript denies the allegations in this paragraph.

122.    Postscript denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '897 PATENT)

123.    Postscript repeats and incorporates by reference its responses to the preceding paragraphs.

124.    Postscript denies the allegations in this paragraph.

125.    Postscript admits that this paragraph recites column 24 lines 39 to 60 of the '897 patent, which is claim 15.

126.    Postscript denies the allegations in this paragraph.

127.    Postscript admits that its SMS marketing platform includes software applications. Postscript denies the remaining allegations in this paragraph.

128.    Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work. Postscript otherwise denies the allegations in this paragraph.

129.    Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work.  Postscript denies the remaining allegations in this paragraph.

130.    Postscript denies that it owns, operates, and/or maintains a server capable of operating as a click-to-text on which the Accused Products operate located in Mountain View, CA, having an internet protocol ("IP") address of 34.111.8.32.

131.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its systems and servers receive information associated with users of its website and platform, but denies that its privacy policy is addressing information received in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

132.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing technologies used in connection with the two-tap functionality addressed in the Complaint. Postscript denies the remaining allegations in this paragraph.

133.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and platform use cookies, and that cookies are sometimes transmitted to servers used by Postscript.  Postscript denies that the description of cookies quoted in this paragraph is addressing the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

134.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags/web beacons, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing technologies used in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

135.    Postscript admits that its SMS marketing platform assists Postscript customers in sending SMS text messages.  Postscript denies the remaining allegations in this paragraph.

136.    Postscript denies the allegations in this paragraph.

137.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

138.    Postscript denies the allegations in this paragraph.

139.    Postscript denies the allegations in this paragraph.

140.    Postscript denies the allegations in this paragraph.

141.    Postscript denies the allegations in this paragraph.

142.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

14

143.     Postscript denies the allegations in this paragraph.

144.     Postscript admits that certain popups enabled by Postscript allow the user to launch their messaging application with a pre-populated message.  Postscript denies the remaining allegations in this paragraph.

145.     Postscript denies the allegations in this paragraph.

146.     Postscript denies the allegations in this paragraph.

147.     Postscript denies the allegations in this paragraph.

148.     Postscript denies the allegations in this paragraph.

149.     Postscript admits that the images in this paragraph appear to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

150.     Postscript denies the allegations in this paragraph.

151.     Postscript denies the allegations in this paragraph.

152.     Postscript denies the allegations in this paragraph.

153.     Postscript denies the allegations in this paragraph.

154.     Postscript admits that it cited the '897 Patent in an Information Disclosure Statement submitted to the USPTO in connection with Application No. 17/552,615.  Postscript denies the remaining allegations in this paragraph.

155.     The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But to the extent an admission or denial is necessary, Postscript denies the allegations.

156.     Postscript admits that it was aware of the '897 Patent upon service of the complaint. Postscript denies the remaining allegations in this paragraph.

157.     Postscript denies the allegations in this paragraph.

158.    Postscript denies the allegations in this paragraph.

159.    Postscript denies the allegations in this paragraph.

160.    Postscript admits that it was aware of the '897 Patent and the allegations in the complaint upon service of the complaint.  Postscript denies the allegations in this paragraph.

161.    Postscript denies the allegations in this paragraph.

162.    Postscript denies the allegations in this paragraph.

163.    Postscript denies the allegations in this paragraph.

164.    Postscript denies the allegations in this paragraph.

165.    Postscript denies the allegations in this paragraph.

166.    Postscript denies the allegations in this paragraph.

167.    Postscript denies the allegations in this paragraph.

168.    The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But if a response is required, Postscript denies them.

169.    Postscript denies the allegations in this paragraph.

170.    Postscript denies the allegations in this paragraph.

171.    Postscript denies the allegations in this paragraph.

**THIRD CAUSE OF ACTION
(INFRINGEMENT OF THE '074 PATENT)**

172.    Postscript repeats and incorporates by reference its responses to the preceding paragraphs.

173.    Postscript denies the allegations in this paragraph.

174.    Postscript admits that this paragraph recites column 24 lines 18 to 60 of the '074 patent, which is claim 23.

175.    Postscript denies the allegations in this paragraph.

176.    Postscript admits that its SMS marketing platform includes software applications. Postscript denies the remaining allegations in this paragraph.

177.    Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work.  Postscript otherwise denies the allegations in this paragraph.

178.    Postscript admits that it offers an SMS marketing platform that utilizes servers and computer processors to work.  Postscript denies the remaining allegations in this paragraph.

179.    Postscript denies that it owns, operates, and/or maintains a server capable of operating as a click-to-text on which the Accused Products operate located in Mountain View, CA, having an internet protocol ("IP") address of 34.111.8.32.

180.    Postscript denies the allegations in this paragraph.

181.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

182.    Postscript denies the allegations in this paragraph.

183.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its systems and servers receive information associated with users of its website and platform, but denies that its privacy policy is addressing information received in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

184.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing

17

technologies used in connection with the two-tap functionality addressed in the Complaint. Postscript denies the remaining allegations in this paragraph.

185.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and platform use cookies, and that cookies are sometimes transmitted to servers used by Postscript.  Postscript denies that the description of cookies quoted in this paragraph is addressing the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

186.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript admits that, per its privacy policy, its website and other functionalities use technologies, including cookies and pixel tags/web beacons, to collect information associated with users of its website and platform, but denies that its privacy policy is addressing technologies used in connection with the two-tap functionality addressed in the Complaint.  Postscript denies the remaining allegations in this paragraph.

187.     Postscript denies the allegations in this paragraph.

188.     Postscript denies the allegations in this paragraph.

189.     Postscript denies the allegations in this paragraph.

190.     Postscript denies the allegations in this paragraph.

191.     Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

192.     Postscript denies the allegations in this paragraph.

193.     Postscript denies the allegations in this paragraph.

194.     Postscript denies the allegations in this paragraph.

195.    Postscript denies the allegations in this paragraph.

196.    Postscript admits that the image in this paragraph appears to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

197.    Postscript denies the allegations in this paragraph.

198.    Postscript admits that certain popups enabled by Postscript allow the user to launch their messaging application with a pre-populated message.  Postscript denies the remaining allegations in this paragraph.

199.    Postscript denies the allegations in this paragraph.

200.    Postscript denies the allegations in this paragraph.

201.    Postscript admits that the images in this paragraph appear to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

202.    Postscript admits that the images in this paragraph appear to be taken from Postscript's website.  Postscript denies the remaining allegations in this paragraph.

203.    Postscript denies the allegations in this paragraph.

204.    Postscript denies the allegations in this paragraph.

205.    Postscript denies the allegations in this paragraph.

206.    Postscript denies the allegations in this paragraph.

207.    Postscript denies the allegations in this paragraph.

208.    The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But to the extent an admission or denial is necessary, Postscript denies the allegations.

209.    Postscript admits that it was aware of the '074 Patent upon service of the complaint.  Postscript denies the remaining allegations in this paragraph.

210.    Postscript denies the allegations in this paragraph.

211.    Postscript denies the allegations in this paragraph.

212.    Postscript denies the allegations in this paragraph.

213.    Postscript admits that it was aware of the '074 Patent and the allegations in the complaint upon service of the complaint.  Postscript denies the allegations in this paragraph.

214.    Postscript denies the allegations in this paragraph.

215.    Postscript denies the allegations in this paragraph.

216.    Postscript denies the allegations in this paragraph.

217.    Postscript denies the allegations in this paragraph.

218.    Postscript denies the allegations in this paragraph.

219.    Postscript denies the allegations in this paragraph.

220.    Postscript denies the allegations in this paragraph.

221.    The allegations in this paragraph state legal conclusions, which do not require an admission or denial.  But if a response is required, Postscript denies them.

222.    Postscript denies the allegations in this paragraph.

223.    Postscript denies the allegations in this paragraph.

224.    Postscript denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

Postscript denies that Attentive has a right to any of the relief it seeks in its prayer for relief.

## **DEMAND FOR JURY TRIAL**

Attentive's request for a jury trial includes no allegations and, therefore, requires no response.

## DEFENSES

Postscript asserts the following defenses.  Postscript does not concede that it bears the burden of proof as to any of the defenses asserted.  Discovery is not yet complete and, therefore, Postscript has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein.  Accordingly, Postscript reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

### FIRST DEFENSE
### (Invalidity of the '887 Patent)

The claims of the '887 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

### SECOND DEFENSE
### (Non-Infringement of the '887 Patent)

Postscript has not infringed any valid and enforceable claim of the '887 Patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

### THIRD DEFENSE
### (Invalidity of the '897 Patent)

The claims of the '897 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

### FOURTH DEFENSE
### (Non-Infringement of the '897 Patent)

Postscript has not infringed any valid and enforceable claim of the '897 Patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**FIFTH DEFENSE**
**(Invalidity of the '074 Patent)**

The claims of the '074 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

**SIXTH DEFENSE**
**(Non-Infringement of the '074 Patent)**

Postscript has not infringed any valid and enforceable claim of the '074 Patent directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.

**SEVENTH DEFENSE**
**(No Willful Infringement)**

Postscript has not willfully infringed, and is not willfully infringing, any valid and enforceable claim of the patents-in-suit directly or indirectly, by inducement or contributory infringement, literally, or by equivalents.  Attentive is not entitled to seek enhanced damages or attorneys' fees for any such alleged willful infringement.

**TENTH DEFENSE**
**(Failure to State a Claim)**

Attentive's claims for alleged patent infringement fail to state a claim on which relief can be granted, at least because each of the asserted claims is facially invalid under 35 U.S.C. § 101.

**ELEVENTH DEFENSE**
**(Limitation on Damages/Marking)**

Attentive's claims for damages are statutorily limited by 35 U.S.C. § 286 and 35 U.S.C. § 287, including by Attentive's failure to comply with the marking statute under 35 U.S.C. § 287. For example, merely placing a list of patent numbers on a website without also marking the protected product does not meet the requirements of the marking statute.

22

## TWELTFH DEFENSE
### (No Exceptional Case)

Attentive has no basis to allege that this case is an exceptional case justifying an award of attorneys' fees to Attentive under 35 U.S.C. §§ 284 and 285.

## THIRTEENTH DEFENSE
### (Limitation on Costs)

Plaintiffs are not entitled to costs and their costs are limited under 35 U.S.C. § 288.

## FOURTEENTH DEFENSE
### (No Equitable Relief)

On information and belief, Attentive is not entitled to equitable relief with respect to the Asserted Patents under any theory because Attentive has not suffered and will not suffer irreparable harm, is not without adequate remedy at law, the balance of hardships does not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

## ADDITIONAL DEFENSES

Postscript's investigation of its defenses is ongoing, and Postscript expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or may in the future be available based upon discovery and further investigation in this case.

## POSTSCRIPT'S COUNTERCLAIMS

Defendant and Counterclaimant Stodge Inc. d/b/a Postscript ("Postscript") hereby complains against Plaintiff and Counterdefendant Attentive Mobile Inc. ("Attentive") as follows:

## NATURE OF THE ACTION

1.      Postscript seeks a declaration that the '887 patent, '897 patent, and '074 patent are invalid and that Postscript does not infringe them.

## PARTIES

2.      Postscript is a corporation organized and existing under the laws of Delaware, with a principal place of business at North Hayden Road, Suite 123, Scottsdale, Arizona 85251.

3.      Upon information and belief, Attentive is a corporation organized and existing under the laws of Delaware, with its headquarters and principal place of business at 1500 South 1000 West, Logan, Utah, 84321.

4.      Upon information and belief, Attentive is the owner by assignment of all right, title and interest in United States Patents Nos. 11,416,887 ("the '887 Patent"), 11,416,897 ("the '897 Patent"), and 11,553,074 ("the '074 Patent") (collectively, "the Asserted Patents").

## JURISDICTION AND VENUE

5.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 and 271 *et seq.*

6.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      This Court has personal jurisdiction over Plaintiffs because Plaintiffs invoked the jurisdiction of this Court by filing this action.

8.      Venue in this judicial district is proper over these Counterclaims pursuant to 28 U.S.C. § 1391(b) and (c), and by filing its Complaint in this district, Attentive has consented to venue in this Court for Postscript's counterclaims.

## COUNTERCLAIMS

### COUNTERCLAIM 1
### (Declaratory Judgment of Non-Infringement of the '887 Patent)

9.      Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

10.     In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '887 patent.  As a result of Plaintiffs' actions and statements, including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and Plaintiffs with regard to infringement of the '887 patent.

11.     Postscript has not been and is not now infringing, either directly or indirectly, by inducement, or contributorily, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '887 Patent.  By way of non-limiting example, Postscript cannot infringe at least asserted claim 1 of the '887 patent at least because Postscript does not send a URI from any server to a mobile device and therefore cannot satisfy the claim limitation "define and send a uniform resource identifier (URI) to the mobile device in response to the mobile device executing the integration tag."

12.     A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '887 patent.

13.     By this Counterclaim, Postscript seeks a judicial declaration and determination that Postscript does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '887 patent, and is not liable for any alleged infringement of the '887 patent.

### COUNTERCLAIM 2
### (Declaratory Judgment of Invalidity of the '887 Patent)

14.     Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

15. In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '887 patent. As a result of Plaintiffs' actions and statements, including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and Plaintiffs with regard to infringement of the '887 patent.

16. A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '887 patent.

17. The claims of the '887 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112. By way of non-limiting example, a system in public use marketed by Branch Metrics, Inc. d/b/a Branch at least as early as July 5, 2016 anticipates and/or renders obvious at least asserted claim 1 of the '887 patent for at least the detailed reasons stated in the Initial Invalidity Contentions, incorporated by reference herein.

18. To resolve the legal and factual questions raised by Attentive and to afford relief from the uncertainty and controversy that Attentive's allegations have created, Postscript seeks a declaratory judgment that the '887 patent is invalid.

## COUNTERCLAIM 3
### (Declaratory Judgment of Non-Infringement of the '897 Patent)

19. Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

20. In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '897 patent. As a result of Plaintiffs' actions and statements,

26

including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and the Plaintiffs with regard to infringement of the '897 patent.

21.     Postscript has not been and is not now infringing, either directly or indirectly, by inducement, or contributorily, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '897 Patent.  By way of non-limiting example, Postscript cannot infringe at least asserted claim 15 of the '897 patent at least because Postscript does not create a custom text message populated based on user data and therefore cannot satisfy the claim limitation "means for causing … the second application to automatically populate a custom text message based on the user data."

22.     A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '897 patent.

23.     By this Counterclaim, Postscript seeks a judicial declaration and determination that Postscript does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '897 patent, and is not liable for any alleged infringement of the '897 patent.

**COUNTERCLAIM 4**
**(Declaratory Judgment of Invalidity of the '897 Patent)**

24.     Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

25.     In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '897 patent.  As a result of Plaintiffs' actions and statements,

including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and Plaintiffs with regard to infringement of the '897 patent.

26.     A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '897 patent.

27.     The claims of the '897 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112. By way of non-limiting example, Branch Metrics, Inc. d/b/a Branch at least as early as July 5, 2016 anticipates and/or renders obvious at least asserted claim 15 of the '897 patent for at least the detailed reasons stated in the Initial Invalidity Contentions, incorporated by reference herein.

28.     To resolve the legal and factual questions raised by Attentive and to afford relief from the uncertainty and controversy that Attentive's allegations have created, Postscript seeks a declaratory judgment that the '897 patent is invalid.

**COUNTERCLAIM 5**
**(Declaratory Judgment of Non-Infringement of the '074 Patent)**

29.     Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

30.     In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '074 patent.  As a result of Plaintiffs' actions and statements, including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and the Plaintiffs with regard to infringement of the '074 patent.

31.     Postscript has not been and is not now infringing, either directly or indirectly, by inducement, or contributorily, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '074 Patent.  By way of non-limiting example, Postscript cannot infringe at least asserted claim 1 of the '074 patent at least because Postscript does not send a URI from any server to a mobile device and therefore cannot satisfy the claim limitation "receiving, from the at least one web server … a uniform resource identifier (URI) that deeplinks to and causes the mobile device to … "

32.     A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '074 patent.

33.     By this Counterclaim, Postscript seeks a judicial declaration and determination that Postscript does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '074 patent, and is not liable for any alleged infringement of the '074 patent.

### COUNTERCLAIM 6
#### (Declaratory Judgment of Invalidity of the '074 Patent)

34.     Postscript incorporates each of the preceding paragraphs of its Counterclaims as if set forth fully herein.

35.     In their Complaint, Plaintiffs have expressly accused Postscript's SMS Marketing Platform and Postscript's other offerings and services that integrate with Postscript's SMS Marketing Platform of infringing the '074 patent.  As a result of Plaintiffs' actions and statements, including the filing of the Complaint, an actual and justiciable controversy exists between Postscript and Plaintiffs with regard to infringement of the '074 patent.

36.     A judicial declaration and determination is necessary and appropriate at this time given Plaintiffs' allegations and so that Postscript may ascertain its rights and duties with respect to the '074 patent.

37.     The claims of the '074 patent are invalid for failing to meet one or more of the statutory and decisional conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112. By way of non-limiting example, Branch Metrics, Inc. d/b/a Branch at least as early as July 5, 2016 anticipates and/or renders obvious at least asserted claim 1 of the '074 patent for at least the detailed reasons stated in the Initial Invalidity Contentions, incorporated by reference herein.

38.     To resolve the legal and factual questions raised by Attentive and to afford relief from the uncertainty and controversy that Attentive's allegations have created, Postscript seeks a declaratory judgment that the '074 patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Postscript respectfully requests that the Court enter judgment in favor of Postscript and award the following relief:

A. A judgment that Postscript has not infringed and does not infringe any valid and enforceable claim of the '887 patent, the '897 patent, or the '074 patent;

B. A judgment that the claims of the '887 patent, the '897 patent, or the '074 patent are invalid;

C. A judgment that Attentive recover nothing from Postscript;

D. Dismissal with prejudice of all claims in the Complaint against Postscript;

E. A finding that this is exceptional pursuant to 35 U.S.C. § 285 and an award to Postscript of its attorneys' fees and costs; and

F.   Any further necessary and proper relief as this Court may deem just and proper.

## JURY DEMAND

Postscript demands a jury trial on all issues and claims so triable.



OF COUNSEL:                                         Respectfully submitted,

                                                    POTTER ANDERSON & CORROON LLP

Gene Novikov                                        By:  /s/ David E. Moore
Hannah Jiam                                              David E. Moore (#3983)
Raghav Krishnapriyan                                     Bindu A. Palapura (#5370)
Joyce C. Li                                              Andrew L. Brown (#6766)
MORRISON FOERSTER                                        Hercules Plaza, 6th Floor
425 Market Street                                        1313 N. Market Street
San Francisco, CA 94105-2482                             Wilmington, DE  19801
Tel: (415) 268-7000                                      Tel:  (302) 984-6000
                                                         dmoore@potteranderson.com
Dated:  August 4, 2023                                   bpalapura@potteranderson.com
10953710 / 22870.00001                                   abrown@potteranderson.com

                                                    *Attorneys for Defendant Stodge Inc.*
                                                    *d/b/a Postscript*