## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATTENTIVE MOBILE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 23-87-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| STODGE INC. d/b/a POSTSCRIPT, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF AMENDED SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Defendant Stodge Inc. *d/b/a* Postscript, will serve the attached amended subpoenas (Exhibits 1-2)

in the above referenced action.

OF COUNSEL:

Gene Novikov
Hannah Jiam
Joyce C. Li
Bethany D. Bengfort
Timothy Chen Saulsbury
MORRISON FOERSTER
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000

Sara Doudar
MORRISON FOERSTER
707 Wilshire Boulevard
Los Angeles, CA, 90017
Tel: (213) 892-5200

Raghav Krishnapriyan
ORRICK, HERRINGTON & SUTCLIFFE, LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700

Dated: November 27, 2023
11180621 / 22870.00001

POTTER ANDERSON & CORROON LLP

By:  */s/ Andrew L. Brown*
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Andrew L. Brown (#6766)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       dmoore@potteranderson.com
       bpalapura@potteranderson.com
       abrown@potteranderson.com

*Attorneys for Defendant and Counter-
Claimant Stodge Inc. d/b/a Postscript*

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| ATTENTIVE MOBILE INC. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| STODGE INC. d/b/a POSTSCRIPT, | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  C.A. No. 23-87-CJB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          BustedTees.com (Attn: Registered Agent for Service - Rachelle Hough)
             1782 O'Rouke Blvd., Gaylord, MI 49735

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: First Legal Records c/o Neil Guttenberg and Company<br>4178 Wyatt Rd.<br>Traverse City, MI 49684 | Date and Time:<br><br>12/18/2023 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/27/2023

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | /s/ Hannah Jiam<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Stodge Inc. _____ , who issues or requests this subpoena, are:

Hannah Jiam,  MORRISON FOERSTER, 425 Market St. San Francisco, CA 94105, hjiam@mofo.com, (415) 268-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    C.A. No. 23-87-CJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO DOCUMENT SUBPOENA**

Defendant Stodge Inc. d/b/a PostScript ("Postscript"), by and through its undersigned counsel, and pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, request that BustedTees.com ("BustedTees") electronically produce documents responsive to the following Requests for Production ("Requests") no later than December 18, 2023, to hjiam@mofo.com or produce hard copies to Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94015.  These Requests are subject to the following definitions and instructions.  Notwithstanding any definition below, each word, term, or phrase used in these requests for production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The term "This Litigation" refers to the case styled *Attentive Mobile Inc. v. Stodge Inc. d/b/a PostScript*, Case No. C.A. No. 23-87-CJB (D. Del.).

2.      The terms "you" and "your" mean BustedTees and each of its employees, agents, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time.

3.      The terms "Attentive" and "Attentive Mobile Inc." mean Attentive Mobile, their predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

4.      The term "Two-Tap Feature" refers to any SMS marketing feature that involves the display of mobile webpage pop-ups that, when clicked, will redirect users to a pre-populated message in a mobile messaging application.

1

**ATTACHMENT A TO DOCUMENT SUBPOENA**

5.      The term "Attentive Asserted Patents" means, collectively, U.S. Patent Nos. 11,416,887, 11,416,897, and 11,553,074.

6.      "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

7.      "Documents" is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements, notes, transcripts, précis, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, and drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, and/or graphic form.

8.      "Communication" means the transmission of information or data in any form, including, without limitation, written, oral, or electronic transmissions.

9.      The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise fall outside the scope of the subpoena.

10.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

11.     The use of the singular form includes the plural form and vice versa.

12.     The use of present tense includes past tense and vice versa.

ATTACHMENT A TO DOCUMENT SUBPOENA

## INSTRUCTIONS

1.      If, in responding to these requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

2.      In producing the documents or things requested, you are requested to produce all documents and things known or available to you regardless of whether such documents and things are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

3.      In the event that any document called for by these requests has been destroyed, lost, discarded, or is otherwise no longer in your possession, custody or control, you shall identify such document as completely as possible, and shall specify:

        a.      the identity of any person(s) who received copies of the document;

        b.      the nature of the document;

        c.      a brief description of the subject matter of the document;

        d.      the manner of disposal;

        e.      the reason for disposal;

        f.      the person authorizing the disposal; and

        g.      the person disposing of the document.

4.      In the event that any document is withheld on a claim of attorney-client privilege or work-product doctrine on any other ground, you shall provide a log that identifies any such document in a manner to be mutually agreed among the parties.

5.      Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors and/or successors, as

### ATTACHMENT A TO DOCUMENT SUBPOENA

well as to information in the possession of your officers, directors, agents, employees, servants, representatives and, unless privileged, attorneys.  Whenever an answer to these requests for production contains information which is not based upon your personal knowledge, state the source and nature of such information.

6.      In producing the documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file or a photostatic or electronic duplicate of all written or printed material on the original file folder.  In addition, the documents shall be produced in the same sequence as they are contained or found in the original file folder.  The integrity and internal sequence of the requested documents within each file folder shall not be disturbed.  Under no circumstances shall documents from any file folder be commingled with documents from any other file folder.

7.      If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

8.      All responses to these document requests require supplementation and correction as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

9.      To the extent a Document is considered confidential in nature, You may designate it in accordance with the Protective Order entered in the above-captioned matter, a copy of which is attached hereto as Exhibit 1.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show the function, operation, and design of any Two-Tap Feature associated with your website, involving Attentive, and implemented on or before May 22, 2017, including any source code that enabled the function and operation of those features.

ATTACHMENT A TO DOCUMENT SUBPOENA

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the date of first implementation of any Two-Tap Feature associated with your website and involving Attentive.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between you and Attentive regarding any Two-Tap Feature associated with your website and implemented on or before May 22, 2017.

**REQUEST FOR PRODUCTION NO. 4:**

All communications between you and Attentive regarding the Attentive Asserted Patents.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between you and Attentive regarding This Litigation.

sf-5666726

# ATTACHMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **ATTENTIVE MOBILE, INC.,**<br><br>   *Plaintiff,*<br><br>**v.**<br><br>**STODGE INC. d/b/a POSTSCRIPT,**<br><br>   *Defendant.* | **Civil Action No. 23-87-CJB**<br><br>**JURY TRIAL DEMANDED** |

## <u>STIPULATED PROTECTIVE ORDER</u>

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the above captioned action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. This definition does not include professional jury or trial consultants.

2.7     <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items" disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information or items may include, without limitation, pending but unpublished patent applications; information concerning research, development and other activities related to unreleased products; trade secrets; or other highly confidential research, development, technical, financial, or commercial information.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" constituting source code. Source code as used herein includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source code also includes source code files, which are text files containing source code. Source code files include, but are not limited to, files containing source code written in

"C," "C++," Objective-C, Java, assembler, VHDL, Verilog, and digital signal processor (DSP)

programming languages. Source code files further include ".include files," "make" files, link files,

header files, and other human-readable text files used in the generation and/or building of software

directly executed on a microprocessor, microcontroller, or DSP. Non-human readable files,

including but not limited to binary executable files, object code files, compilers and linkers, if

produced, shall be afforded the same protection as the source code defined in this section. Material

representing computer code and associated comments and revision histories, formulas, engineering

specifications, or schematics that define or otherwise describe in detail the algorithms or structure of

software or hardware designs, disclosure of which to another Party or Non-Party would create a

substantial risk of serious harm that could not be avoided by less restrictive means, shall also be

afforded the same protection as the source code defined in this section.

2.9     <u>In-House Counsel</u>: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (including support staff).

2.13     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE."

      2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

Producing Party.

## 3.    SCOPE

      The protections conferred by this Order cover not only Protected Material (as defined

above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that might reveal Protected Material. However, the

protections conferred by this Order do not cover the following information: (a) any information that

is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

this Order, including becoming part of the public record through trial or otherwise; and (b) any

information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party

after the disclosure from a source who obtained the information lawfully and under no obligation of

confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by

a separate agreement or order.

## 4.    DURATION

      Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*e.g.*, section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –  SOURCE CODE" to each page that contains protected material. Any correspondence transmitting Protected Material (*i.e.*, production cover letters) should identify the confidentiality designation of any material being transmitted or otherwise produced. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL  –  OUTSIDE ATTORNEYS'  EYES  ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, the transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" automatically for a period of 21

days from the end of the deposition. Within the 21-day period, the Designating Party must specify the level of protection being asserted before the court reporter issues the final transcript. For testimony given in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the hearing or other proceeding, the level of protection being asserted.

A Party shall give the other Party notice if it reasonably expects a deposition, hearing or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation under this Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and indicate the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including retrieving it from individuals not authorized to view it under the corrected designation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall initiate the Court's discovery dispute procedure to challenge the Designating Party's confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve

their dispute, whichever is earlier. Failure by the Challenging Party to initiate the discovery dispute procedure within 21 days (or 14 days, if applicable) shall automatically waive any challenge to the confidentiality designation for each challenged designation. In addition, the Designating Party may initiate a discovery dispute with the Court seeking to alter a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. In the event of a challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This includes storing electronic Protected Material in password protected form.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     the Receiving Party's In-House Counsel, who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside

general counsel in the litigation of this action, provided that before access is given, the In-House

counsel has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party and their professional

staff, to whom (1) disclosure is reasonably necessary for this litigation, (2) who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) to whom the procedures set

forth in paragraph 7.4(a), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses of the Designating Party to whom

disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by

the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material must be separately bound by the court reporter and may not be disclosed to anyone except

as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian

or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE  CODE" only to

individuals listed in paragraphs 7.2(a) and (c)-(g).

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.2(c) or 9(f) first must make a written request to the Designating Party at least seven (7) days before access to the Protected Material is to be given to that expert that (i) provides the expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and current curriculum vitae; (ii) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (iii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iv) identifies the Expert's past and present employment, and/or consulting relationships for the last four years, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert seven (7) days after disclosure under Section 7.4(a) unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may initiate a discovery dispute with the Court within seven (7) days of the notice of objection, or within such other time as the Parties may agree, seeking permission from the court to do so. Any such

motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

The Party opposing disclosure to the Expert shall bear the burden of proving the need for a protective order. No disclosure should occur until all such objections are resolved by agreement or by Court order.

## 8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives and actually reviews "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is technical in nature shall not supervise, assist, substantively advise, or otherwise substantively counsel in the drafting or amending of patent claims of any patent application or patent directed to any purported invention in the same technological field as the patent(s)-in-suit, or the patent(s)-in-suit, before any foreign or domestic agency for a period commencing on that individual's review of such information and ending eighteen (18) months after the final resolution of this litigation. This provision does not prohibit a Party's Counsel or Experts from participating in reexamination proceedings, Post-Grant Review proceeding, *Inter Partes* Review proceeding, or Covered Business Method Review proceeding involving any of the Party's patents, provided, however that such Counsel and/or Experts (who received and actually reviewed the Party's technical Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") do not participate in the drafting or amending of any patent claims pertaining to the information disclosed in the Protected Materials. The duration of this section may be, but is not required to be, terminated earlier by agreement of the parties (*e.g.*, in the

case of settlement).

Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for any purpose, including the purpose of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who reviews the Protected Materials described above and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Attorneys who work on this matter without reviewing the Protected Materials described above shall not be restricted from engaging in prosecution on matters that fall within the prosecution bar.

## 9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)    Access to a Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" material shall be provided only on a "stand-alone" computer(s), provided by the Producing Party, that is not linked to any network, including a local area network ("LAN"), an intranet, the Internet, or any peripheral device other than a keyboard, mouse, printer, and monitor ("Source Code Computer"). Upon request, the Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code material or, alternatively, at the sole discretion of the Producing Party, the Producing Party shall provide capabilities on the Source Code Computer to print files to PDF and, separately, the Producing Party shall print the files printed to PDF, consistent with the other terms of this Order. Any pages printed from a printer linked to the source code computer during the inspection session or printed to PDF on the Source Code Computer shall not be permitted to leave the secure room and shall be immediately provided or identified to the Producing Party at the conclusion of the inspection session. The Source Code Computer shall be maintained in a secure room at either (1) an office of the Producing Party's

Outside Counsel of Record or (2) another mutually agreed-upon location, access to which shall be controlled by reasonable physical (e.g., locked doors) and electronic (e.g., password or other access provisions) security measures. Use of any input/output device (e.g., USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the Source Code Computer, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor provided by the Producing Party) with the Source Code Computer, nor shall the Receiving Party attempt to install any software on the Source Code Computer.

      (c)      The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Producing Party will make a separate, private room available for the Receiving Party to confer or talk on the phone.

      (d)      The Receiving Party may request any reasonable software tools on the Source Code Computer, which shall be installed by the Producing Party but at the Receiving Party's expense, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. Software tools to compile or execute source code shall not be considered reasonably necessary for the Receiving Party to perform its review of the Source Code. The Receiving Party must provide the Producing Party with media, such as a CD, DVD, or USB storage drive containing any such tool(s)—or appropriate online location where such tool(s) can be downloaded from—at least eight (8) business days in advance of the date upon which the Receiving Party wishes to have the tool(s) available for use. The Producing Party will make a good-faith attempt to install them on the Source Code Computer. The Receiving Party is not allowed to install any software on the Source Code Computer. The Producing Party may notify the Receiving Party that it declines to install any requested inspection software if the software represents any unreasonable risk of compromising

security of the source code or the Source Code Computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order. Such notice shall be provided no later than ten (10) days prior to any scheduled inspection, or five (5) days after receiving the CD or DVD containing such software tool(s) or appropriate online location where such tool(s) can be downloaded from, whichever is later. Within three (3) days of such notification by the Producing Party, the parties shall meet and confer in good faith to attempt to resolve the issue. If the parties cannot resolve the issue, the Producing Party may bring a motion to the Court, but the pendency of the motion will not be used as a basis to withhold access by the Receiving Party of the source code for review using other tools. For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(e)     Other than those devices provided herein, no other recording devices or  recordable media will be permitted inside the source code review room, including without limitation: sound recorders; computers; personal digital assistants; cellular phones; peripheral equipment; cameras; CDs; DVDs; floppy drives, zip drives, thumb drives, or external drives of any kind; USB memory sticks; portable hard drives; Ethernet or other cables that could be used to transfer data off of the Source Code Computer; Dictaphones; telephone jacks; or smartphones of any kind. Nor shall any non-electronic devices capable of similar functionality be permitted inside the source code review room. Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts may remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party is not responsible for any items left in the room following each inspection session.

(f)     The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take handwritten notes relating to the source code. The Receiving Party's Outside Counsel of Record and/or Experts, however, may not copy portions of any source code (*e.g.*, entire source code files or entire functions or methods where such functions or methods are longer than a few lines)

into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer or other electronic device that is connected to any network.

      (g)      No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. No written or electronic record of the source code is permitted except as otherwise provided herein. The Producing Party shall provide to the Receiving Party one (1) copy on Bates-numbered paper, labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" within three (3) business days of the Receiving Party's designation of the portions of the source code to be printed if fewer than 100 total pages are requested or within seven (7) business days if a larger number of pages is requested. The Receiving Party shall not designate source code to be printed in order to review blocks of source code in the first instance (*i.e.*, as an alternative to reviewing that Source Code electronically on the source code Computer). Unless good cause is shown, the Receiving Party may not designate more than fifteen (15) consecutive pages of source code for printing. In the event the Receiving Party believes there is a need to print a contiguous portion of Source Code exceeding fifteen (15) pages in length, the Parties shall meet and confer regarding such need as soon as practicable and, absent agreement, seek resolution by the Court using the procedures described above. The Receiving Party may only print those portions of the source code that are reasonably necessary to prepare court filings, pleadings, contentions, expert reports, or other papers. The Producing Party may also object to any request to deliver copies of printed source code as excessive and/or not for the permitted purpose. If such objection cannot be resolved by mutual agreement within five (5) business days, it shall be submitted to the Court for resolution pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Receiving Party is the "Challenging Party" and the Producing Party is the "Designating Party."

      (h)      The Receiving Party's Outside Counsel of Record may make no more than two additional, duplicate paper copies for use by Outside Counsel of Record and/or Experts (for a total of 3 paper copies of any printed source code), the duplicate copies to be stored in the offices of

Outside Counsel of Record under the conditions set forth in paragraphs 7.1 and 9(i). Each of these additional copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall maintain a log of all such copies, which it must produce to the Producing Party upon request. No other copies of source code shall be made unless otherwise allowed herein. The paper copies may be used under secure conditions in depositions and in court filings and proceedings.

(i)    In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's source code, printed copies of the source code maintained by the Receiving Party must be kept in a locked storage container when not in use under secure conditions that prevent access by anyone other than Outside Counsel of Record and Experts qualified for access. No electronic copies of the source code shall be provided by the Producing Party beyond the Source Code Computer. The Receiving Party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (*e.g.*, a hotel prior to a Court proceeding or deposition), provided such printouts are stored in a secure manner such as a hotel safe.

(j)    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. Monday through Friday, excluding Federal Holidays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's source code material at the offices of its Outside Counsel of Record or at the offices of the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

(k)      The Receiving Party must give at least seven (7) days' notice to Counsel for the Producing Party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer for any initial reviews and three (3) days' notice for additional reviews of the same, previously inspected code.

(l)      Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to Outside Counsel of Record and up to four (4) Experts (as defined in this Order) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 7.4 above. A Receiving Party may include excerpts of source code material in a pleading, court filing, exhibit, expert report, discovery document, deposition transcript, trial and hearing presentation, or other Court document if it is reasonably and in good faith  believed  to  be necessary  by  the  Receiving  Party,  provided  that  those  documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(m)      To the extent portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source code material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(n)      Except as provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies of source code material from any paper copy of the source code for use in any manner except as identified below (including, by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of the source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings, trial exhibits, and other papers wherever possible. The Parties are not, however, restricted from using portions of source code in any pleadings, trial exhibits, or other papers where it is reasonably necessary.

(o)      A Producing Party's source code material may only be transported or provided by the Receiving Party at the direction of a person authorized to review source code via hand carry, Federal Express or other similarly reliable courier.

(p)      In addition to the provisions in paragraph 15, below, within four (4) weeks after a final, non-appealable resolution of all issues in the case, the Receiving Party must, if requested (a) return to the Producing Party, or certify the destruction of, all copies of the Producing Party's source code, and (b) certify destruction of any notes containing, showing, or quoting the source code. In addition, all persons to whom any copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them and that they will make no use of the source code in any future endeavor unless properly obtained in such endeavor. Such certifications may be provided collectively, and any collective certification must specify the individuals on whose behalf it is being provided.  The certification must then be communicated to the Producing Party within said four (4) weeks.

(q)      Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case or any other pending or future dispute, proceeding, patent prosecution, or litigation.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)        promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)        promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)        cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)        The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)        In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1.        promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2.        promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3.        make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) make best efforts to have such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally disclosed, that shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C § 1738. In the event of a conflict of law, the law that is most protective of privileged materials shall apply.

Any Party that inadvertently or unintentionally produces Protected Material without designating it may request destruction of that Protected Material by notifying the Receiving  Party and providing replacement Protected Material that is properly designated. The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

**14.     MISCELLANEOUS**

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     <u>Export Control</u>. Absent agreement, a Party's Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Absent agreement, material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to a H-1B visa sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party.

14.4     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the practices and procedures of the United States District Court for the District of Delaware regarding under seal filings and redacted versions of such filings.

14.5     <u>Continuing Jurisdiction</u>. After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further Court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access to

Protected Material so that the Court can continue to enforce this Order.

14.6    <u>Injunctive Relief</u>. In the event anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this action.

14.7    <u>Persons Bound by Order</u>. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

14.8    <u>No Waiver of Rights</u>. Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record

are entitled to retain their correspondence, and an archival copy of all pleadings, motion papers,

trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material (except in the case of Protected Material designated as

"HIGHLY CONFIDENTIAL - SOURCE CODE," which must be  returned or destroyed as

provided in paragraph 9). Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP          POTTER ANDERSON & CORROON LLP

_/s/ Michael J. Flynn_                        _/s/ Andrew L. Brown_
Michael J. Flynn (#5333)                      David E. Moore (#3983)
1201 North Market Street                      Bindu A. Palapura (#5370)
P.O. Box 1347                                 Andrew L. Brown (#6766)
Wilmington, DE 19899                          Hercules Plaza, 6th Floor
(302) 658-9200                                1313 N. Market Street
mflynn@morrisnichols.com                      Wilmington, DE 19801
                                              dmoore@potteranderson.com
*Attorney for Plaintiff*                      bpalapura@potteranderson.com
                                              abrown@potteranderson.com

                                              *Attorney for Defendant*


April 26, 2023


**IT IS SO ORDERED,** this __27th__ day of April, 2023.


_Christopher J. Burke_
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Delaware on

_____[date] in the case of *Attentive Mobile Inc. v. Stodge Inc. d/b/a Postscript*, Civil

Action No. 23-87-CJB. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District

of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of

[print or type full address and telephone number] as my agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT 2

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| ATTENTIVE MOBILE INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| STODGE INC. d/b/a POSTSCRIPT, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   C.A. No. 23-87-CJB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
BustedTees.com (Attn: Registered Agent for Service - Rachelle Hough)
1782 O'Rouke Blvd., Gaylord, MI 49735

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place:  TBD | Date and Time: |
|---|---|
| | 12/27/2023 9:00 am |

The deposition will be recorded by this method:   video and stenographically

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/27/2023

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Hannah Jiam |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant Stodge Inc. , who issues or requests this subpoena, are:

Hannah Jiam;  MORRISON & FOERSTER LLP, 425 Market Street, San Francisco, CA 94105, hjiam@mofo.com;
(415) 268-7000.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  C.A. No. 23-87-CJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following Definitions and Instructions apply to the information sought by this subpoena:

3.      The term "This Litigation" refers to the case styled *Attentive Mobile Inc. v. Stodge Inc. d/b/a PostScript*, Case No. C.A. No. 23-87-CJB (D. Del.).

4.      The terms "you" and "your" mean BustedTees.com and each of its employees, agents, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time.

5.      The terms "Attentive" and "Attentive Mobile Inc." mean Attentive Mobile, their predecessors, successors, parents, subsidiaries, divisions, officers, principals, employees, agents, representatives, and attorneys, and all other persons, forms, or corporations acting or purporting to act on their behalf or under their control.

6.      The term "Two-Tap Feature" refers to any SMS marketing feature that involves the display of mobile webpage pop-ups that, when clicked, will redirect users to a pre-populated message in a mobile messaging application.

7.      The term "Attentive patents" means, collectively, U.S. Patent Nos. 11,416,887, 11,416,897, and 11,553,074.

8.      "Relate" or "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

9.      "Documents" is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements,

notes, transcripts, précis, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, and drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, and/or graphic form.

10.     "Communication" means the transmission of information or data in any form, including, without limitation, written, oral, or electronic transmissions.

11.     The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise fall outside the scope of the subpoena.

12.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

13.     The use of the singular form includes the plural form and vice versa.

14.     The use of present tense includes past tense and vice versa.

## **<u>DEPOSITION TOPICS</u>**

1.     The function, operation, and design of any Two-Tap Feature associated with your website, involving Attentive, and implemented on or before May 22, 2017.

2.     The date of first implementation of any Two-Tap Feature associated with your website and involving Attentive.

3.     Any Two-Tap Feature associated with your website and implemented on or before May 22, 2017.

4.     Any communications between you and Attentive regarding the Attentive patents.

5.     Any communications between you and Attentive regarding this Litigation.