**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ATTENTIVE MOBILE INC., | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | C.A. No. 23-87-CJB |
| v. | ) | |
| | ) | |
| STODGE INC. d/b/a POSTSCRIPT, | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM DANIEL M. SILVER, ESQ. REGARDING DISCOVERY DISPUTES CONCERNING ATTENTIVE MOBILE INC.'S INTERROGATORY RESPONSES**

Dear Judge Burke:

We write on behalf of Defendant Stodge Inc. d/b/a Postscript ("Postscript") pursuant to the Court's Oral Order (D.I. 149). Postscript's Interrogatories No. 6 and 20 to Plaintiff Attentive Mobile Inc. ("Attentive") concern the priority date of Attentive's Asserted Patents and a product that concededly embodies those patents and that would be prior art if Attentive is not entitled to claim priority to its Provisional Application. The information sought by these interrogatories would be dispositive of validity, and are unquestionably proportional to the issues in this case given that Attentive has had all the information it needs to answer the interrogatories since before it filed this case. Attentive's responses to these interrogatories continue to be deficient, despite months of conferrals, letters, and emails between the parties, and Attentive's failure to fully answer prejudices Postscript's ability to conduct discovery and prepare its case. Postscript respectfully requests that the Court compel Attentive to supplement its responses to Interrogatories 6 and 20 by a date certain. *See* Fed. R. Civ. P. 26(b)(1); 37(a)(1). A proposed form of order is attached.

**Interrogatory No. 20**

By way of brief background, in its original response to Interrogatory No. 3 (which is not at issue here), Attentive stated that "[o]n or about April 28, 2017, the first commercial embodiment of the claimed inventions was implemented on the Internet on a website associated with BustedTees." *See* Ex. 1, at 9-10. In a supplemental response, Attentive retracted its earlier concession by suggesting that a version of BustedTees that embodies *portions* of the patented subject matter was launched on May 7, 2017. *Id.* at 10-11. Either way, Attentive admits that BustedTees practiced at least some of the claimed subject matter and that it was publicly disclosed more than a year before the May 22, 2018 filing date of Attentive's Asserted Patents. Thus, BustedTees is prior art unless Attentive can satisfy its burden of proving that it is entitled to claim priority to the Provisional Application, filed on May 26, 2017. *See, e.g.*, *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1376 (Fed. Cir. 2016) ("[A] patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference.").

Based on Attentive's response to Interrogatory No. 3, Postscript served Interrogatory No. 20 on November 10, 2023 asking Attentive to identify the claims and limitations it contends BustedTees embodies, as well as Attentive's complete basis for such contentions. *See* Ex. 1, at 70. Attentive's first answer was entirely unresponsive, stating conclusorily that the Asserted Patents are entitled to the provisional filing date and therefore BustedTees is not prior art. *See id.*, at 70-71. After Postscript explained that Attentive could not refuse to respond to the interrogatory based simply on assuming that BustedTees was not prior art—the very thing in dispute—Attentive assured Postscript it would supplement its response by the end of January. On February 9, it finally supplemented its response by merely pointing to source code with no further explanation. *See id*. at 72. This is still insufficient and non-responsive. Not only does the response lack any substance, the source code it cites post-dates the alleged BustedTees release date and thus does not relate to the prior art that is the subject of the interrogatory. *See, e.g., GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, Civil Action No. 14-878-LPS-CJB, D.I. 101 at 1-2 (D. Del. Jan. 28, 2016) (requiring a "meaningful articulation of the bases for [plaintiff's]

contention" including "a narrative explanation" of how documents referenced in the response shed light on plaintiff's contention).

During the parties' meet and confer, the sole basis Attentive offered for refusing the requested information was that by identifying the limitations it believes BustedTees embodies, it would be providing a legal opinion that it was under no obligation to provide. This is wrong, and Attentive has provided no authority in support of its position. The interrogatory does not ask for a legal opinion. It asks for information on Attentive's contentions, no different from other typical contention interrogatories that ask for a party's noninfringement or validity positions. The Court's scheduling order not only allows, but encourages, these types of interrogatories: "[t]he Court encourages the parties to serve and respond to contention interrogatories early in the case." (D.I. 20, at 5). The relevance of this contention interrogatory cannot be reasonably disputed: The interrogatory asks for information that Attentive itself has put at issue by stating in its discovery responses that BustedTees *does* embody at least a portion of the claimed subject matter. If Attentive is right that BustedTees embodied claims of the asserted patents, and if Attentive cannot satisfy its burden of showing that it can claim priority to the provisional, then those claims are invalid. Postscript therefore requests that Attentive be compelled to provide a meaningful articulation of the bases for its contention that BustedTees embodied the claimed inventions, including the limitations of the Asserted Claims that BustedTees does and does not embody.

**Interrogatory No. 6**

Postscript's Interrogatory No. 6 asks Attentive to state all support for its contention that any of the asserted patents is entitled to a priority date prior to the filing date. For almost a full year, Attentive has refused to provide an adequate response, despite Postscript's efforts to confer requests for a supplement. Attentive first responded by stating only that it is entitled to a priority date of at least May 26, 2017, based on the Provisional Application's filing date. Postscript followed up several times about the deficiency of Attentive's response, including Attentive's failure to provide a substantive response disclosing its basis for claiming an early priority date. (See, e.g., Ex. 2 and Ex, 3, respectively, 2023.07.14 Ltr from H. Jiam; 2023.08.07 email from R. Krishnapriyan). Four months later, Attentive supplemented its response by providing exemplary claim charts that purportedly identified the Provisional Application disclosures that support its priority date claim. But these claim charts are insufficient for two reasons: (1) they contain no narrative explanation, just citations to paragraphs of the Provisional Application; and (2) the paragraph citations are indiscriminate and broad, in multiple cases citing to more than half of the paragraphs in the provisional. For example, for the URI-related limitation, Attentive points to *22 of the 33 paragraphs* of the Provisional Application. *See* Ex. 4, at 1–3. As another example, for the integration tag limitation, Attentive points to all but 13 paragraphs of the provisional. See *id.*, at 2. By citing almost all of the provisional with no explanation, Postscript is left in the dark as to how Attentive actually thinks the claim limitations are supported by the provisional. Attentive has no excuse for failing to provide an adequate and timely response: it has had access to the Asserted Patents and Provisional Application since before it filed this lawsuit. Postscript thus requests that the Court compel Attentive to provide a complete response, including more detail as to the factual bases for its contention that the asserted patent claims are entitled to the filing date of the Provisional Application.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4578)

cc: Counsel of Record (by CM/ECF and E-Mail)