IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATTENTIVE MOBILE INC., | ) |
| | ) |
| Plaintiff / Counterclaim-Defendant, | ) |
| | ) |
| v. | ) C.A. No. 23-087 (CJB) |
| | ) |
| STODGE INC. d/b/a POSTSCRIPT, | ) |
| | ) |
| Defendant / Counterclaim-Plaintiff. | ) |

**<u>LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM MICHAEL J.
FLYNN REGARDING MOTION TO STRIKE INEQUITABLE CONDUCT DEFENSE</u>**

OF COUNSEL:

Christopher C. Campbell
Ryan A. Schmid
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC  20006
(202) 626-5578

Britton F. Davis
Brian Eutermoser
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO  80202
(720) 535-2300

March 18, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff
Attentive Mobile Inc.*

Judge Burke:

The Federal Circuit's decisions in *Scripps* and *Fiskars* do not foreclose a "burying" theory of inequitable conduct, and nearly every district court that has considered the issue has agreed. Because the opinions adopting this position are so numerous that it is impractical to list them all in this two-page letter, we provide 14 exemplary opinions in Attachment 1.

Each of those opinions recognizes "burying" as a viable theory of inequitable conduct and then analyzes whether the circumstances of the burying there demonstrate deceptive intent, under the applicable procedural standard. While the opinions find that some circumstances sufficed while others did not, none of the opinions holds that a "burying" defense is legally foreclosed by *Fiskars*. Indeed, the only opinions we have been able to identify making that holding are the three from Judges Farnon and Fallon cited in this Court's order for supplemental briefing.

Attentive's Opposition did not address any potential dispute on this issue because Postscript's Motion raised none. Because the "burying" theory's viability was unchallenged, it sufficed for Attentive to cite the Federal Circuit precedent recognizing the theory (*Molins*), and recent in-district opinion applying it (*PACT XPP*). *See* D.I. 103 at 2 (citing *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1184 (Fed. Cir. 1995)) and 4 (citing *PACT XPP Schweiz AG v. Intel Corp.*, No. 1:19-cv-01006-JDW, (D. Del. Sept. 9, 2020). There was no reason to do more.

Responsive to the Court's Order for supplemental briefing (D.I. 165), we explain below why neither *Scripps* nor *Fiskars* forecloses a "burying" theory of inequitable conduct, and we discuss the district courts' nearly uniform agreement with that conclusion.

*Scripps Clinic & Rsch. Found. v. Genentech, Inc.*, 927 F.2d 1565 (Fed. Cir. 1991) does not foreclose a theory of inequitable conduct based on "burying." The case did not even involve allegations of burying. In *Scripps*, the applicant submitted a complete prior art paper but not a separate *abstract* of that paper. *Id.* at 1582. Nevertheless, the examiner found and considered the abstract on his own. Because the examiner ultimately did consider the abstract, the court held that the applicant's failure to submit it was <u>immaterial</u> for purposes of inequitable conduct. *Id.* This context is critical for understanding the quotation in *Scripps* that, "[w]hen a reference was before the examiner, <u>whether through the examiner's search or the applicant's disclosure</u>, it can not be deemed to have been withheld from the examiner." *Id.* The premise of that quotation is that the "reference was before the examiner." It has nothing to do with the viability of a "burying" defense, which posits that the reference was *hidden from* the examiner because the applicant buried it.

*Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995) confirms this understanding of *Scripps*. *Molins* cites *Scripps* to dispense (as a matter of law) with a theory of inequitable conduct based on an applicant's intentional *omission* of a reference where the examiner ultimately found and used that reference. *Id.* at 1184-85. But *Molins* then gives starkly *different* treatment to a second theory of inequitable conduct: that the applicant "buried" a reference in a long IDS. *Id.* at 1182-84. Rather than cite *Scripps* as legally foreclosing that theory, the court holds that a "burying" theory should be evaluated on its facts and it then does so. It holds that " 'burying' a particularly material reference in a prior art statement containing a multiplicity of other references *can be probative of bad faith*," and "[i]ntent to deceive should be determined in light of the realities of patent practice, and not as a matter of strict liability." *Id.* at 1184. *Molins* then analyzes the "burying" circumstances at issue and ultimately finds that they do not warrant an inference of

The Honorable Christopher J. Burke  Page 2
March 18, 2024

deceptive intent. *Id.* at 1184. *Molins* thus recognized that "burying" is a viable theory of inequitable conduct and that each case must be analyzed on its facts to identify deceptive intent.

*Fiskars, Inc. v. Hunt Mfg.*, 221 F.3d 1318 (Fed. Cir. 2000) did not overrule *Molins*'s fact-specific approach to evaluating burying allegations. In fact, like *Scripps*, *Fiskars* is not even about burying. In *Fiskars*, the applicant submitted a reference, but the examiner explicitly refused to consider it. *Id.* at 1327. The issue was whether the applicant had a duty to subsequently *insist* that the examiner consider the reference. *Id.* The answer was no because "[a]n applicant is not required to tell the PTO twice about the same prior art." *Id.* That holding has nothing to do with burying because its underlying premise is that the applicant *properly told the PTO about the reference in the first place*. *Fiskars* involved no allegation that the applicant hid the reference by burying it, so it did not consider (or pass on) whether a buried prior art reference is properly disclosed to the PTO. This context is critical to understanding the statement in *Fiskars* that "[a]n applicant can not be guilty of inequitable conduct if the reference was cited to the examiner." *Id.* *Fiskars* did not consider, and therefore does not hold, that a *buried* reference is properly "cited to the examiner," let alone that "burying" is not a cognizable theory of inequitable conduct.

The Federal Circuit has confirmed this understanding of *Fiskars* by continuing to analyze burying allegations on their facts rather than barring them categorically. *See*, *e.g.*, *Purdue Pharma Prod. L.P. v. Par Pharm., Inc.*, 377 F. App'x 978, 983-84 (Fed. Cir. 2010) (analyzing burying allegations to find no inequitable conduct where bad faith was not the "most reasonable inference that can be drawn from the evidence").

With near uniformity, the district courts—including this District's Judges Wolson, Williams, Sleet, and Third Circuit Judge Jordan—have recognized that "burying" is a legally cognizable theory of inequitable conduct. Attachment 1 lists 14 such opinions, each analyzing the facts (in various procedural postures) to determine whether to infer deceptive intent to hide information by burying it. While some of the opinions conclude yes and others no, none holds that "burying" is a legally barred theory. If the Court wishes to review only a subset of these opinions, we suggest the discussions in *Nomadix* (2015 WL 3948804), *Coolsystems* (2016 WL 6091577), *Semiconductor* (749 F. Supp. 2d 892), and *PACT XPP* (No. 1:19-cv-01006-JDW, D.I. 151).

Some of these opinions hold that merely submitting a long IDS is, on its own, insufficient to prove deceptive intent, "where there is no other evidence of intent to deceive the patent examiner." *Semiconductor*, 749 F. Supp. at 903. And this is a fair reading of *Molins* and of the case law overall. But even if the Court adopts that position, it should still deny Postscript's motion because Attentive *has* alleged more: that after the examiner complained he was buried under a "mountain" of material and had performed only "a cursory review," the applicant identified the 13 "most relevant" papers, and none described *the leading commercial system*, which anticipated the claims. D.I. at 90 (¶¶ 47-49). The circumstances are therefore analogous to those in *CIVIX-DDI*, where the examiner similarly complained of a "mountain" of references, and yet, the applicant then "failed to inform the PTO examiner which material was relevant." 711 F. Supp. at 849.

The only opinions we have found holding that *Fiskars* categorically precludes a "burying" defense are the three identified in the Court's order: *Symbol Tech.* and Judge Fallon's application of that precedent in the two *Jackson* opinions. These opinions are wrong because *Symbol Tech.* misreads *Scripps*, *Molins*, and *Fiskars* by taking language from those opinions out of the critical context explained above. The Court should not follow these mistaken decisions. Instead, it should adopt the majority position that "burying" is a cognizable theory of inequitable conduct.

The Honorable Christopher J. Burke  Page 3
March 18, 2024

Respectfully,

*[signature: Michael Flynn]*

Michael Flynn (# 5333)
*Counsel for Plaintiff Attentive Mobile Inc.*

cc:   All counsel of record

Attachment: "Exemplary District Court Opinions Recognizing 'Burying' Theory of Inequitable Conduct"

## Attachment 1

### Exemplary District Court Opinions
### Recognizing "Burying" Theory of Inequitable Conduct

**A.   Opinions on the Pleadings**

- *PACT XPP Schweiz AG v. Intel Corp.*, No. 1:19-cv-01006-JDW, D.I. 151 (D. Del. Sept. 9, 2020) (Wolson, J.) (granting motion to amend adding "burying" theory because "[t]he Federal Circuit has recognized burying as a cognizable claim in *Molins*," and "[n]othing in Fiskars suggests that the Federal Circuit overturned that precedent.")

- *Coolsystems, Inc. v. Nice Recovery Sys. LLC*, No. 16-CV-02958-PJH, 2016 WL 6091577, at *4 (N.D. Cal. Oct. 19, 2016) (refusing to strike "burying" theory because, notwithstanding *Fiskars*, "'burying' can state a claim for inequitable conduct")

- *ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1062 (D. Nev. 2016) (on motion to strike "burying" theory, citing *Fiskars* and *Molins* for the proposition that "the Federal Circuit caselaw is somewhat contradictory on the issue of whether allegations of 'burying' can support the defense of inequitable conduct," but nevertheless evaluating the allegations to determine whether an inference of bad faith is supported, and concluding not because the only evidence was the submission of a voluminous IDS)

- *Nomadix, Inc. v. Hosp. Core Servs. LLC*, No. CV 14-08256 DDP VBKX, 2015 WL 3948804, at *9 (C.D. Cal. June 29, 2015) (refusing to strike "burying" theory because "*Fiskars* did not deal directly with the burying question and likely does not foreclose an inequitable conduct claim based on intentional burying," and further explaining that "burying" goes to *intent*, where "the volume of paper in combination with other facts" *can* give rise to an inference of deceptive intent)

- *SynQor, Inc. v. Cisco Sys.*, Inc., No. 2:11CV54, 2012 WL 12892779, at *6 (E.D. Tex. Aug. 7, 2012) ("A review of the cases reveals that a voluminous list of references contained in the IDS can, in some circumstances, lead to a finding of inequitable conduct if a material reference was 'buried' in the IDS with the intent to deceive the PTO.")

- *Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, 749 F. Supp. 2d 892, 902-03 (W.D. Wis. 2010) (opining that the court is "not convinced that as a matter of law, the holdings in *Fiskars* and *Scripps* preclude all inequitable conduct claims alleging the burying or concealing of a reference," but striking the "burying" theory on the facts presented there because they did not go beyond the submission of a long IDS)

- *CIVIX-DDI, LLC v. Hotels.com, L.P.*, 711 F. Supp. 2d 839, 841 (N.D. Ill. 2010) (denying judgment on the pleadings against "burying" defense because "Defendants' factual allegations support a reasonable inference that prosecuting attorney [] attempted

    to deceive the PTO examiner by burying the highly relevant Microsoft-cited prior art in its submissions to the PTO.")

- *Reid–Ashman Mfg., Inc. v. Swanson Semiconductor Serv., LLC*, 2007 WL 1394427, at *6–7 (N.D. Cal. May 10, 2007) (refusing to strike "burying" theory because "[s]ome cases have held that it was inequitable conduct to bury the most pertinent references within a large list of less pertinent references, particularly if the circumstances are such that the examiner would not carefully examine the art in the list.")

B. **Opinions on Summary Judgment**

- *EIS, Inc. v. IntiHealth Ger GmbH*, No. CV 19-1227-GBW, 2023 WL 6799332, at *9 (D. Del. Aug. 23, 2023) (Williams, J.) (denying summary judgment against burying defense because "[a] reasonable factfinder could … conclude that the single most reasonable inference drawn from [the] alleged 'burying' of the [reference] … was to intentionally conceal [it] from the USPTO.")

- *IDEC Pharms. v. Corixa Corp.*, No. 01-1637-IEG(RBB), 2003 WL 24147449, at *18 (S.D. Cal. Oct. 14, 2003) (granting summary judgment of inequitable conduct based, in part, on "burying," and distinguishing *Fiskars*)

C. **Opinions Following Bench Trial**

- *Purdue Pharma Prod. L.P. v. Par Pharm., Inc.*, 642 F. Supp. 2d 329, 377 (D. Del. Aug 14, 2009) (Jordan, CJ sitting by designation) (on Rule 52(a), acknowledging tension between *Fiskars* and *Molins*, but nevertheless analyzing "burying" evidence to infer no bad faith).

- *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 598 (D. Del. 2006), aff'd, 480 F.3d 1129 (Fed. Cir. 2007) (Jordan, J.) (after bench trial, finding bad faith intent to bury information, including by submitting a "blizzard of paper" to the PTO).

- *Golden Valley Microwave Foods Inc. v. Weaver Popcorn Co. Inc.,* 837 F. Supp. 1444 (N.D. Ind. 1992), *aff'd w'out op.,* 11 F.3d 1072 (Fed. Cir. 1993) (pre-*Fiskars*) (finding inequitable conduct based on burying because "it is ... a violation of the duty of candor and fair dealing with the Patent Office for an applicant or its attorney to disclose a pertinent prior art patent reference to the examiner in such a way as to 'bury' it or its disclosures in a series of disclosures of less relevant prior art references, so that the examiner would be likely to ignore the entire list and permit the application to issue.").

D. **Other Opinions Recognizing "Burying"**

- *Bayer Healthcare LLC v. Abbott Lab'ys*, No. C.A.03-189-GMS, 2004 WL 2862267, at *2 (D. Del. Dec. 10, 2004) (Sleet, J.) (while not involving burying directly, recognized there "is not a bright line rule" barring inequitable conduct simply because a reference was submitted to the PTO)