IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATTENTIVE MOBILE INC., | ) | |
| | ) | |
| Plaintiff / Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-087 (CJB) |
| | ) | |
| STODGE INC. d/b/a POSTSCRIPT, | ) | |
| | ) | |
| Defendant / Counterclaim-Plaintiff. | ) | |

**PLAINTIFF'S RESPONSE TO NOTICE OF
SUBSEQUENT DEVELOPMENT (D.I. 446, 450)**

OF COUNSEL:

Christopher C. Campbell
Jonathan Weinberg
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC  20006
(202) 737-0500

Britton F. Davis
Brian Eutermoser
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO  80202
(720) 535-2300

Cori C. Steinmann
KING & SPALDING LLP
500 West 2nd Street Suite 1800
Austin, TX  78701
(512) 457-2000

November 25, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com

*Attorneys for Plaintiff
Attentive Mobile Inc.*

Dear Judge Burke:

In September 2024, Attentive filed a discovery dispute letter requesting an order to compel a nonparty, Mindy Regnell, to appear for deposition pursuant to Attentive's August 8, 2024 subpoena (D.I. 382). This discovery dispute was fully briefed by both parties as of October 11, 2024 (D.I. 388, 392). Ms. Regnell filed a Notice of Subsequent Development (D.I. 446, the "Notice") on November 13, 2024, to which Attentive submits this brief response.[1]

The subsequent development Ms. Regnell refers to was a limited, one-hour deposition of a Postscript employee, Michael Manheimer. Ms. Regnell argues that this deposition makes her deposition unnecessary. This assertion is unsupported.

First, the deposition was limited in scope and to a single hour. *See* Exhibit A, email regarding the parties' agreement. Postscript agreed only that Mr. Manheimer would appear for a one-hour deposition to "discuss (1) competitive intelligence on the full scope of our response to Topic 32 and (2) 'weekly trend' reports." *Id.* Postscript had previously limited the scope of Topic 32 to "competitive intelligence for Postscript's two-touch functionality that relates to Plaintiff's products." *See* Exhibit B, Postscript's Supplemental Objections and Responses to Attentive's Supplemental 30(b)(6) Notice, at p. 30. As discussed below and in Attentive's previous briefing on this issue, Ms. Regnell's relevant knowledge is not limited to—and may not even overlap with—the narrow topic addressed by Mr. Manheimer. Accordingly, Attentive did not spend its limited time re-asking questions Mr. Manheimer already testified he could not answer.

Second, although the Notice asserts that Ms. Regnell's testimony would be duplicative and irrelevant (D.I. 446 at 1), it does not cite to any testimony from Mr. Manheimer's continued deposition that addresses the areas that Attentive previously raised in its Motion to Compel or discovery dispute letter. For example, Attentive still has no testimony as to how Postscript obtained Attentive's pricing documents, documents regarding Postscript's pricing and competition with Attentive, and the hundreds of documents listing Ms. Regnell as the custodian, author, or recipient. The fact that Attentive previously examined Mr. Manheimer regarding one document that Ms. Regnell authored does not extinguish the need to ask Ms. Regnell about other documents, including pricing documents that Mr. Manheimer already testified he could not address.

Lastly, as expressed in Attentive's prior papers, Ms. Regnell has not and cannot show any undue burden. With respect to undue burden, the party opposing the subpoena bears the burden of showing that it is unduly burdensome. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

For the foregoing reasons, Attentive respectfully requests that the Court order Ms. Regnell to appear for deposition in compliance with Attentive's subpoena.

---

[1] Ms. Regnell filed a "Corrected" notice on November 15 which "omits additional argument." D.I. 450.

1

Respectfully,

Michael Flynn (#5333)
*Counsel for Plaintiff Attentive Mobile Inc.*

cc:   Clerk of Court (Via Hand Delivery)
       All Counsel of Record (Via Electronic Mail)