# EXHIBIT A

**Flynn, Michael J.**

| | |
|---|---|
| **From:** | Jiam, Hannah <hjiam@mofo.com> |
| **Sent:** | Friday, October 18, 2024 2:14 PM |
| **To:** | Brian Eutermoser; TSaulsbury; Kamdar, Adi; Cori Steinmann; Brian Hill; Silver, Daniel; Attentive Mobile; Flynn, Michael J. |
| **Cc:** | POSTSCRIPT-MF; Krishnapriyan, Raghav; Zare, Maliheh; Joyce, Alexandra |
| **Subject:** | RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

==Mike Manheimer is available to sit for a deposition to discuss (1) competitive intelligence on the full scope of our response to Topic 32 and (2) "weekly trend" reports for a total of 1 hour== on **October 30 or October 31 at 3 pm PT or 4 pm PT.**

Adam Turner is available to sit for a deposition to discuss (1) identification of two-touch opt-ins (such as "ref:" and "sid:") in POSTSCRIPT00114515 and (2) data entries pertaining to subscriber opt-outs (in column DO_NOT_SEND_REASON) and subscriber opt-ins (in columns INITIAL_OPT_IN_AT and LAST_OPT_IN_AT) in POSTSCRIPT00114518 for a total of 30 minutes on **October 24 at 3:30 pm PT.**

Please confirm by close of business whether Attentive will take Mr. Manheimer's or Mr. Turner's depositions at any of these times or dates.  If we do not receive confirmation promptly, we cannot guarantee Mr. Turner will remain available in light of his busy schedule.

Sincerely,

Hannah

**From:** Brian Eutermoser <BEutermoser@KSLAW.com>
**Sent:** Monday, October 14, 2024 2:33 PM
**To:** Jiam, Hannah <HJiam@mofo.com>; Saulsbury, Timothy Chen <TSaulsbury@mofo.com>; Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Hi Hannah.  Confirmed.

**From:** Jiam, Hannah <HJiam@mofo.com>
**Sent:** Monday, October 14, 2024 2:55 PM
**To:** Brian Eutermoser <BEutermoser@KSLAW.com>; TSaulsbury <TSaulsbury@mofo.com>; Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel

1

<DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Brian,

In light of the submission deadline, can you please confirm that the below compromise resolves the parties' pending disputes? We will prepare a letter to the court confirming that the parties have reached resolution for your review.

Sincerely,
Hannah

---

**From:** Jiam, Hannah <HJiam@mofo.com>
**Sent:** Friday, October 11, 2024 3:40 PM
**To:** Brian Eutermoser <BEutermoser@KSLAW.com>; Saulsbury, Timothy Chen <TSaulsbury@mofo.com>; Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

Hi Brian,

While we still disagree that the "weekly trend" reports fall within the scope of Topic 67, in the interest of reaching a deal, and in exchange for the deposition of Mr. Greenberg as discussed, we are willing to offer:

- One witness on (1) competitive intelligence on the full scope of our response to Topic 32 and (2) "weekly trend" reports for a total of **1 hour**.
- One witness to discuss (1) identification of two-touch opt-ins (such as "ref:" and "sid:") in POSTSCRIPT00114515 and (2) data entries pertaining to subscriber opt-outs (in column DO_NOT_SEND_REASON) and subscriber opt-ins (in columns INITIAL_OPT_IN_AT and LAST_OPT_IN_AT) in POSTSCRIPT00114518 for a total of **30 minutes**.

Please let us know if this resolves our dispute about 30(b)(6) testimony.

Sincerely,
Hannah

---

**From:** Brian Eutermoser <BEutermoser@KSLAW.com>
**Sent:** Thursday, October 10, 2024 2:06 PM
**To:** Saulsbury, Timothy Chen <TSaulsbury@mofo.com>; Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

They look like financial documents to me. And regardless of our apparent disagreement as to what "financial" means, the fact remains that Postscript produced weekly trend reports late in discovery—such that Attentive had no opportunity to depose other Postscript witnesses about them—and did not produce a corporate representative prepared to address them. If Postscript is unwilling to correct this deficiency by producing a witness who can explain what information is contained in these late-produced documents, I think we're at an impasse on the broader dispute.

**From:** Saulsbury, Timothy Chen <TSaulsbury@mofo.com>
**Sent:** Thursday, October 10, 2024 2:40 PM
**To:** Brian Eutermoser <BEutermoser@KSLAW.com>; Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Brian,

As to point 1, Attentive took issue with Mr. Brubaker's preparation on Topic 32. Notably, this is just one of several topics on which we agreed to provided testimony regarding competitive intelligence. Regardless, your characterization does not capture our position. Rather, we offered to provide someone prepared to testify about the feature comparison documents because that appears to be what you took issue with as it relates to Mr. Brubaker's testimony on this topic. Nevertheless, in the interest of limiting the extent to which we burden Judge Burke with disputes, we are willing to agree to a compromise under which we offer a witness for 30 minutes on the full scope of our response to Topic 32.

On point 2, you have not come forward with any articulation of how the reports are "financial documents." They plainly are not, and the bottom line is that those reports aren't within the scope of what we agreed to put up a 30(b)(6) witness. Accordingly, we will not be offering a 30(b)(6) witness on them.

Please confirm this resolves the dispute with respect to 30(b)(6) testimony.

Regards,
Tim

**TIMOTHY CHEN SAULSBURY**
Partner | Co-Chair, Global IP Litigation Group
425 Market St. | San Francisco, CA 94105
**M:** +1 (415) 480-4862
mofo.com | LinkedIn | Twitter

**MORRISON FOERSTER**

**From:** Brian Eutermoser <BEutermoser@KSLAW.com>
**Sent:** Thursday, October 10, 2024 12:39 PM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>;

Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Hi Adi,

Attentive doesn't accept Postscript's counter-proposal.

First, I don't understand Postscript's basis for trying to limit the scope of the competitive intelligence topic to Postscript feature comparison documents.  Is it really Postscript's position that it has no other information about competitive intelligence concerning two-tap and/or two-touch?  I also don't understand why Postscript believes corporate testimony limited to its feature comparison documents would somehow negate the need for Ms. Regnell's testimony.

Second, we disagree that Postscript's weekly trend reports don't fall within the scope of Topic 67.  But to the extent Postscript maintains that position, will Postscript re-produce Colin Turner, whom Mr. Brubaker identified as knowledgeable about such documents, to address them?  My recollection is that Postscript produced them shortly before Mr. Brubaker's deposition, and well after Mr. Turner's.   In the alternative, given that this is a compromise proposal, Postscript could agree to prepare its corporate representative to address them.

Please let us know if Postscript will reconsider its position so that we resolve this dispute without further involving the Court.

Brian

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Thursday, October 10, 2024 12:25 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Cori,

Thanks for providing this proposal.  In the interest of resolving the dispute, we would agree to offer the following:

- **Attentive's Point 1:**  One witness for 30 minutes on competitive intelligence for Postscript's two-touch functionality that relates to Plaintiff's products, limited to the competitor feature comparison documents Postscript produced.  Will you be dropping your motion to compel Ms. Regnell's duplicative deposition in view of this additional testimony?

- **Attentive's Points 3 and 4:**  One witness for 30 minutes to discuss identification of two-touch opt-ins (such as "ref:" and "sid:") in POSTSCRIPT00114515 and data entries pertaining to subscriber opt-outs (in column

4

DO_NOT_SEND_REASON) and subscriber opt-ins (in columns INITIAL_OPT_IN_AT and LAST_OPT_IN_AT) in POSTSCRIPT00114518.

**Attentive's Point 2** ("Weekly trend reports") does not fall within the scope of the noticed 30(b)(6) topic you identified earlier (Topic 67). As is apparent from the face of the documents (as well as Mr. Brubaker's testimony), they are not "financial documents," they're business intelligence documents.

Best,
Adi

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Wednesday, October 9, 2024 3:22 PM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Yes, we agree.

---

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Wednesday, October 9, 2024 2:05 PM
**To:** Cori Steinmann <CSteinmann@KSLAW.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Thanks Cori. We need some time to discuss this with our client. Will Attentive agree to another one-day extension?

Adi

---

**From:** Cori Steinmann <CSteinmann@KSLAW.com>
**Sent:** Wednesday, October 9, 2024 1:57 PM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** Re: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Counsel,

As you are aware from prior communications, we have raised issues with the testimony provided by several of Postscript's 30(b)(6) witnesses, not just Mr. Brubaker. With that said, we are willing to foregoing taking multiple depositions, if Postscript will adequately prepare one witness to address the following Topics, which were not adequately addressed by Messrs. A. Turner, C. Turner, or C. Brubaker. Note that the times included are good-faith estimates, but the actual time needed will depend on the witness's responses and level of preparation.

1. Competitive intelligence for the accused functionality and Attentive's products (45 minutes);
2. Weekly trend reports (45 minutes);
3. Identification of two-touch opt-ins (such as "ref:" and "sid:") in POSTSCRIPT00114515 (15 minutes); and
4. Data entries pertaining to subscriber opt-outs (in column DO_NOT_SEND_REASON) and subscriber opt-ins (in columns INITIAL_OPT_IN_AT and LAST_OPT_IN_AT) in POSTSCRIPT00114518 (15 minutes).

As for your proposal regarding Mr. Greenberg, assuming we can reach an agreement as to the four topics above, we will agree to produce Mr. Greenberg on the topics you identified in your October 3rd email.
.
Best Regards,

Cori C. Steinmann

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Wednesday, October 9, 2024 11:55:30 AM
**To:** Brian Hill <BHill@KSLAW.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

| **CAUTION: MAIL FROM OUTSIDE THE FIRM** |
|---|

Hi Brian,

The parties agreed to again extend the deadline on the 30(b)(6) issue to today, and we do not intend to delay consideration of this issue longer. Could you please let us know your position by 3pm ET so we have time to consider it before the filing deadline?

We'll circle back on the remaining topics shortly.

Adi

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Tuesday, October 8, 2024 4:31 PM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Silver, Daniel <DSilver@McCarter.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Hi Adi,

We are still reviewing the proposal regarding additional 30(b)(6) testimony and will have a response to you shortly.

Regarding the wiki documents, none of the cases you cited are relevant.  The "wiki" in question is not a press release that contemplates its own disclosure to third parties.  We maintain our assertion of privilege over this document.

Regarding the remaining three issues that you are trying to raise well after discovery has closed, we disagree that are you entitled to additional relief.  To fully resolve these issues, however, we are willing to: (1) agree to produce Mr. Kohn for deposition in the event that Attentive decides to call him at trial; and (2) produce an unredacted version of ATT0469791.  At this point, Attentive has produced far more email and Salesforce data than Postscript and does not agree to run additional searches.

Sincerely,
Brian

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Tuesday, October 8, 2024 2:24 PM
**To:** Silver, Daniel <DSilver@McCarter.com>; Brian Hill <BHill@KSLAW.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

We still have not heard back from Attentive about the proposed compromises on the discovery issues before the Court as first discussed on our October 2 meet and confer.  Postscript has provided to Attentive the areas of inquiry for a further deposition of Mr. Greenberg, as well as estimates of time needed for that deposition.  Attentive has not done the same for Mr. Brubaker.  Postscript has also offered case law on the privilege waiver issue related to the wiki documents.  Attentive has not responded.

Please let us know if we should expect a response to our October 3 email, or if we are at an impasse on these issues.  If we do not hear back by 4pm ET, we will prepare and circulate a joint letter informing the court that we are at an impasse.  Note that we intend to apprise the court of the compromises offered in any briefing ordered.

Best,

Adi

**From:** Silver, Daniel <DSilver@McCarter.com>
**Sent:** Friday, October 4, 2024 5:08 PM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Brian Hill <BHill@KSLAW.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

I spoke with Michael and we are extending the deadline to Tuesday.

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Friday, October 4, 2024 5:05 PM
**To:** Brian Hill <BHill@KSLAW.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Silver, Daniel <DSilver@McCarter.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**EXTERNAL EMAIL | STOP | VERIFY | REPORT**

Counsel, the parties' joint letter to the court is due today. We haven't heard back from you.

We're happy to put together a request for an extension to Tuesday of next week. Can you let us know when we should expect a response so we can try to resolve the wiki issue and part of the 30(b)(6) issue, as discussed on our meet and confer?

Best,
Adi

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Thursday, October 3, 2024 4:16 PM
**To:** Brian Hill <BHill@KSLAW.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Silver, Daniel <DSilver@McCarter.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

Counsel:

Thank you for meeting and conferring with us yesterday (October 3) on the topics before the Court as well as additional issues Postscript has raised. A summary and further discussion of the topics is below:

1. **30(b)(6) witnesses**

Both parties have raised various issues with each other's 30(b)(6) depositions. We agreed to exchange a list of specific areas of inquiry related to the topics on which Mr. Greenberg and Mr. Brubaker were designated, as well as the estimated time that a further deposition on those areas would entail.

With regard to Mr. Greenberg, we would like to ask about the following. Note that the times included are good-faith estimates, but the actual time needed will depend on Mr. Greenberg's responses and level of preparation.

1. Any Attentive records (including in its internal databases) of what two-tap related files were publicly available on or before May 27 2017, including loader.js, attentive.js, overlay.js, and [bustedt.attn.tv/banner.html](bustedt.attn.tv/banner.html), and any other BustedTees-related information or data on Attentive's servers **(Time: 20 minutes**)
2. The functionality of the following files before May 27, 2017, including any changes thereto: loader.js, attentive.js, overlay.js, [CreativeController.java](CreativeController.java), [CreativeControllerIT.java](CreativeControllerIT.java), [CreativeService.java](CreativeService.java), and [EventController.java](EventController.java)  (**Time: 1 hour**)
3. Which file(s) loader.js loaded prior to May 27, 2017 **(Time: 5 minutes)**
4. What Attentive's servers sent to a mobile device in response to a call to the /1/creative API endpoint prior to May 27, 2017 **(Time: 10 minutes)**
5. Whether Attentive's two-tap product before May 26, 2017 included the name of the client within angled brackets in a prefilled text message, and what it used that name for **(Time: 5 minutes)**
6. A description of all ways in which Attentive's two-tap product sends a <script> tag or code from an Attentive-controlled server to a client's web server **(Time: 20 minutes)**

Please let us know if you would be amenable to making Mr. Greenberg available on the above topics in order to avoid a dispute with the Court.

2. **Wiki documents**

Attentive reaffirmed its position that these wiki documents contain privileged legal advice.  Postscript agreed to provide case law on this matter in an effort to resolve it without the Court's intervention.

Per the documents produced that referenced the wiki, as well as Mr. Jhawar's testimony, we understand the wiki to contain approved material drafted or vetted by Attentive's lawyers to be used when discussing the Postscript litigation with prospective customers.

Courts regularly hold that such "talking point" documents are not covered by the attorney-client privilege because they contain material intended to be shared with third parties.  In general, the "attorney-client privilege does not apply to communications that are intended to be disclosed to third parties or that in fact are so disclosed."  *U.S. v. Rockwell Intern.*, 897 F.2d 1255, 1265 (3d Cir. 1990).  *Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, 609 F. Supp. 3d 287 (S.D.N.Y. 2022), for example, involved a discovery fight over a "talking points" document that was prepared by (and/or with the assistance of) in-house attorneys.  The court found that, "[r]egardless of whether the document itself was intended to be disclosed to third parties, the contents were intended to be shared." *Id.* at 290.  This case is analogous:  the document at issue was "provided to . . . personnel to be used as an aid in talking with their clients and in answering the clients' questions."  *Id.*  The court held, "Since the contents of the documents were intended to be shared with third parties, the document is not privileged." *Id.* (citing *In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-CV-20000 (RDP), 2019 WL 5076548, at *3 (N.D. Ala. June 4, 2019) (finding talking points drafted by attorney that were designed to be shared or discussed at board meeting not privileged)); *see also A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07-CV-00929 (WWE) (HBF), 2014 WL 657688, at *2 (D. Conn. Feb. 20, 2014) (talking points document from attorney not privileged because it "contemplates disclosure of its contents to a third party"); *cf. ADT Sec. Servs., Inc. v. Swenson*, No. 07-CV-02983 (JRT) (AJB), 2010 WL 276234, at *3 (D. Minn. Jan. 15, 2010), *aff'd in part, rev'd in part on other grounds*, 2010 WL 2954545 (D. Minn. July 26, 2010) (privilege waived—apart from sentences containing pure legal advice—where talking points document created by counsel represented "a unique mixture of legal considerations and business advice" and contained points to be used "with customers and prospects").

Please let us know if Attentive will produce the wiki documents or if we are still at an impasse.

3. **Randy Kohn**

Rather than raising this issue with the court, which we suspect will result in Judge Burke allowing for a deposition of Mr. Kohn should he be expected to be called by Attentive at trial, we proposed an agreement that Mr. Kohn would sit for a

deposition around six weeks before trial if Attentive indicates its intent to call him at trial. You indicated that you would check with your client.

4. **Clawed-back board meeting documents**

You indicated that you were looking into the board documents and trying to figure out who they were shared with and whether those individuals (the board observers) were serving as observers when those documents were shared. We noted that it may be easier to separate this issue into two: the August 2023 board deck, where Attentive should have all the information it needs regarding who the document was shared with and their roles, as laid out in our earlier email (and that we believe should be produced without redactions); and the remaining board decks (which we also believe should be produced without redactions, but we understand Attentive's position that it wants to investigate those some more).

5. **Salesforce**

You indicated that the Salesforce export you produced was not actually filtered to "include one or more of the keywords" we identified, but may have been filtered to include all records that were identified as a "Churn Risk." We asked that you confirm what query (inclusive of filters as applicable) you used to generate this report. Please let us know.

In turn, you asked us to share the query we used to generate our Salesforce production. We queried for the following search terms and produced responsive Salesforce records:

- two touch
- twotouch
- twotap
- two tap
- attentive AND patent

We understand from Brian Hill's 9/24 email that certain keyword search terms (like "Postscript" and "two-tap") result in thousands of results, and we agree that producing those would be overly burdensome. But we expect that other comparable searches (e.g., "two touch" and "postscript AND patent") would be smaller. Please confirm.

Best,
Adi

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Tuesday, October 1, 2024 7:34 PM
**To:** Brian Hill <BHill@KSLAW.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Silver, Daniel <DSilver@McCarter.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

Hi Brian – 7pm ET tomorrow works. I'll circulate an invite.

Thanks,
Adi

**From:** Brian Hill <BHill@KSLAW.com>
**Sent:** Tuesday, October 1, 2024 10:30 AM
**To:** Kamdar, Adi <AKamdar@mofo.com>; Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J.

10

<mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Silver, Daniel <DSilver@McCarter.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** RE: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

Hi Adi,

Our team isn't available at 9am ET.  Can you do tomorrow at 6pm or 7pm ET?

Sincerely,
Brian

**From:** Kamdar, Adi <AKamdar@mofo.com>
**Sent:** Monday, September 30, 2024 9:34 PM
**To:** Attentive Mobile <Attentive_Mobile@KSLAW.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Cc:** POSTSCRIPT-MF <POSTSCRIPT-MF@mofo.com>; Krishnapriyan, Raghav <rkrishnapriyan@orrick.com>; Silver, Daniel <DSilver@McCarter.com>; Zare, Maliheh <mzare@mccarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Subject:** FW: Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Counsel:

In light of the court's order today, we are available to meet and confer 9-10am ET on Wednesday.  Our availability is limited this week because Tim Saulsbury is in Japan on business, but we can make that time work.  Let us know if that works for you.

We will also take that time to confer about (1) the availability of Randy Kohn for a deposition and (2) our 9/25 email about Attentive's waiver of privilege.  Please be prepared to discuss dates and Attentive's position.

Best,
Adi

**From:** ded_nefreply@ded.uscourts.gov <ded_nefreply@ded.uscourts.gov>
**Sent:** Monday, September 30, 2024 7:55 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:23-cv-00087-CJB Attentive Mobile Inc. v. Stodge Inc. Oral Order

**External Email**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges,**

download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Delaware

## Notice of Electronic Filing

The following transaction was entered on 9/30/2024 at 7:54 AM EDT and filed on 9/30/2024

**Case Name:** Attentive Mobile Inc. v. Stodge Inc.
**Case Number:** 1:23-cv-00087-CJB
**Filer:**
**Document Number:** 381(No document attached)

**Docket Text:**
**ORAL ORDER: The Court has reviewed the parties' September 27, 2024 letter requesting a discovery dispute conference as to three new disputes, (D.I. [378]); this will mean that the parties have brought 13 different discovery disputes to the Court for resolution since February. (See D.I. [142]; D.I. [168]; D.I. [250]; D.I. [308]; D.I. [332]; D.I. [333];** *see also* **D.I. [216]; [343]) That is a large number of disputes, even for a patent case. Again, the Court wants to ensure that the parties have sufficiently attempted to resolve their disputes before bringing them to the Court. In light of this, the Court hereby ORDERS that the parties shall have one further meet and confer to see if they can resolve some or all of these three new disputes before the Court will set a briefing schedule. The meet and confer should include: (1) Delaware counsel for each side; (2) outside counsel involved with the disputes; and (3) the attorney on each side who is leading the trial team. By no later than October 4, 2024, the parties shall file a joint letter of no longer than one page indicating whether the parties have resolved any of the three new disputes and whether any of the disputes remain ripe for a discovery dispute hearing. Ordered by Judge Christopher J. Burke on 9/30/2024. (smg)**

**1:23-cv-00087-CJB Notice has been electronically mailed to:**

Jack B. Blumenfeld     Jbbefiling@mnat.com, jblumenfeld@mnat.com, mnat_IP_eFiling@morrisnichols.com

Daniel M. Silver     dsilver@mccarter.com, amiller@mccarter.com, cgrazer@mccarter.com, dchase@mccarter.com, kford@mccarter.com

Christopher C. Campbell     ccampbell@kslaw.com

Michael J. Flynn     mflynn@mnat.com, mjfefiling@mnat.com, mnat_IP_eFiling@morrisnichols.com

Timothy C. Saulsbury     tsaulsbury@mofo.com, tim-c-saulsbury-4259@ecf.pacerpro.com

Ryan A. Schmid     rschmid@kslaw.com

Alexandra M. Joyce     ajoyce@mccarter.com, amiller@mccarter.com

Britton F. Davis     bfdavis@kslaw.com

Jonathan Weinberg     jweinberg@kslaw.com

Brian Eutermoser     beutermoser@kslaw.com, jinghram@kslaw.com

Aditya V. Kamdar     akamdar@mofo.com

Raghav R. Krishnapriyan     rkrishnapriyan@orrick.com, raghav-krishnapriyan-7362@ecf.pacerpro.com

Joyce C. Li     joyceli@mofo.com, local-counsel-1758@ecf.pacerpro.com

Bethany D. Bengfort     bbengfort@mofo.com, local-counsel-1758@ecf.pacerpro.com

Sara Doudar     sdoudar@mofo.com, sara-doudar-7385@ecf.pacerpro.com

Hannah Jiam     hjiam@mofo.com, hannah-t-jiam-8566@ecf.pacerpro.com

Brian Hill     bhill@kslaw.com

Rahul Sarkar     rsarkar@kslaw.com

Cori C. Steinmann     csteinmann@kslaw.com

SaiPranay Vellala     svellala@kslaw.com

**1:23-cv-00087-CJB Filer will deliver document by other means to:**

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

Morrison & Foerster LLP's Privacy Policy.
.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.