**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STODGE INC., d/b/a POSTSCRIPT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-87-CJB |
| | ) | |
| ATTENTIVE MOBILE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VOIR DIRE</u>**

[Court introduction to the jury.]

This is a timed trial, which means that each side has a set amount of hours in which to present their case. The presentation of evidence in this case is expected to be completed by this Thursday, August 28th or Friday, August 29th, and then the parties will present their closing arguments. After closing arguments, the jury will deliberate for as long as necessary until it reaches a unanimous verdict. We expect to be completed with the case by Friday, August 29, but if necessary, the jury will need to come back next week to continue deliberations but would not meet on Monday, September 1 because of the Labor Day holiday.

The schedule that I expect to keep over the days of evidence presentation will include a morning break of 15 minutes, a lunch breach of at least a half an hour, and an afternoon break of 15 minutes. Trial will start each day at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day no later than 5:00 p.m.

1. Does the schedule I have just mentioned present a special problem to any of you?

**Parties & Attorneys**

Next, I will tell you who the parties are and the attorneys in this case so you can tell me if you have ever had any prior dealings with any of them. The Plaintiff is Stodge Inc., doing business as Postscript, and I will refer to it as Plaintiff or Postscript. The Defendant in this case is Attentive Mobile Inc., which I may refer to as Defendant or Attentive.

2. Have you, anyone in your immediate family, or anyone close to you heard of, had any dealings with, or been employed by, Attentive or Postscript?

3. Do you possess any opinions about any of these companies that might make it difficult for you to be a fair and impartial juror in this case?

4. The lawyers and the law firms involved in this case are:

- Daniel Silver, Alexandra Joyce, Maliheh Zare from the law firm McCarter & English, LLP.
- Daralyn Durie, Timothy Saulsbury, Hannah Jiam, Joyce Li, Ramsey Fisher, and Tannyr Pasvantis from the law firm Morrison Foerster.
- Raghav Krishnapriyan from the law firm Orrick, Herrington, & Sutcliffe, LLP.
- Michael Flynn and Cameron Clark from the law firm Morris, Nichols, Arsht & Tunnell LLP.
- Christopher Campbell, Britton Davis, Rahul Sarkar, Matthew Wood, Halima Ndai, and Katherine Vessels from the law firm Cahill Gordon & Reindel LLP.
- Eli Balsam from the law firm Gibson, Dunn & Crutcher LLP.

Have you, anyone in your immediate family, or anyone close to you heard of, had any dealings with or been employed by any of the law firms or people that I have just named?

**Witnesses**

I am going to read a list of witnesses who may be called to testify during trial. Please make a note if you know any of these people.

5. The potential witnesses in this case are:

- Alexander Beller
- Joel Davidson
- Barbara Frederiksen
- Daniel Glazer

- Jesse Greenberg
- Amit Jhawar
- Andrew Jones
- David Kennedy
- Douglas Kidder
- Patrick Lew
- Ethan Lo
- Brian Long
- Zachary Magdovitz
- Brian Malkerson
- Michael Manheimer
- Alexander Meyer
- Eric Miao
- Nat Polish
- Dena Sauer
- Brandon Simins
- Ryan Tsang
- Adam Turner
- Colin Turner
- Sara Varni

Are you familiar with any of these potential witnesses?

6. Do you know any of the other potential jurors that are in the room?

**Nature of the Case**

4

I will now tell you a little bit about this case and the parties' claims. This is a patent case. Postscript has asserted claims against Attentive for patent infringement. Attentive contends that Postscript's patent is invalid, that is, the patent should not have been granted. If you find that any of Postscript's asserted patent claims are infringed and not invalid, you will be asked to determine the amount of damages, if any, that is appropriate to compensate Postscript for that infringement.

The technology in this case relates to mobile-signup and mobile-messaging products and platforms that enable business to interact with and connect with customers.

7. Do you know anything about this dispute other than what I have described?

8. Have you or has someone close to you ever had any experience with patents, patent law, patent licenses, a dispute about patent rights, or the United States Patent and Trademark Office?

9. Do you have strong opinions about patents, patent rights, or the United States Patent and Trademark Office?

10. Is Plaintiff or Defendant starting off ahead in your mind for any reason? Do you favor one side or the other right now, for any reason, even just a little bit?

11. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?

12. Have you ever been employed by a company that has been a plaintiff, or a defendant in a lawsuit, where you had a role in that lawsuit?

13. Have you or has someone close to you ever worked on mobile-signup and mobile-messaging products and platforms, or technology that enables business to use text messages for marketing?

14. Do you have any strong positive or negative opinions about businesses that use text messages for marketing, or about digital advertising and marketing, that might make it difficult for you to be a fair and impartial juror in this case?

15. Do you or someone close to you have education, special training, special knowledge, or experience in any of the following areas?

    - Computer science
    - Marketing technology

**Following the Court's Instructions**

One of your duties as jurors is to take the law as I instruct you, apply it to the facts, and decide which party should prevail on the issues presented. It is my responsibility to decide which rules of law apply to the case and to instruct you on what legal principles to follow. In addition, because this is a patent case, I will also provide you definitions of what certain terms of the patents mean. These are called the Court's claim constructions.

You are bound by your oath as jurors to follow the Court's instructions and its claim constructions, even if you personally disagree with them.

16. Would you be unable to follow my instructions in this case if you personally disagreed with the instructions provided by the Court?

\* \* \*

17. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?