**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

STODGE INC., d/b/a POSTSCRIPT,    )
    )
         Plaintiff,    )
    )
    v.    )    Civil Action No. 23-87-CJB
    )
ATTENTIVE MOBILE INC.,    )
    )
         Defendant.    )

## PRELIMINARY JURY INSTRUCTIONS

## 1.    INTRODUCTION

Members of the jury: Now that you have been sworn in, I have the following preliminary instructions for your guidance as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this is a patent trial, I will give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

**2.      ROLE OF THE JURY AND ROLE OF THE COURT**

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and you alone will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.

You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

3.    **THE PARTIES AND THEIR CONTENTIONS**

To help you follow the evidence, I will now give you an overview of who the parties are and what each contends.

This is a patent case. The plaintiff is Stodge Inc., doing business as Postscript, which I will refer to as "Postscript" or "Plaintiff." The defendant is Attentive Mobile Inc., which I will refer to as "Attentive" or "Defendant."

Postscript owns U.S. Patent No. 11,709,660, which I will refer to as the '660 Patent or the "Postscript Asserted Patent." A copy of the Postscript Asserted Patent will be given to you.

Postscript contends that Attentive infringes claims 4, 6, 10, and 14 of the Postscript Asserted Patent by making, using, selling, and offering for sale its Campaign Composer (formerly known as Magic Composer) feature in the United States. These claims may be referred to as the "Postscript Asserted Claims." Postscript seeks damages for the infringement. Attentive denies that it infringes any of the Postscript Asserted Claims and contends that the Postscript Asserted Claims are invalid.

**4.**    **INTRODUCTION TO PATENTS**

At this time, we are going to show a video prepared by the Federal Judicial Center called "The Patent Process: An Overview for Jurors." You are being provided a copy of the sample patent referenced in the video. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

*[The video will be played.]*

## 5.  THE ROLE OF CLAIMS

The claims of a patent define the patent owners' rights under the law; that is, the claims define what the patent owners may exclude others from doing during the term of that patent. The claims may be divided into a number of parts or steps, referred to as "claim limitations."

The claims of a patent serve two purposes. First, they set the boundaries of the patented invention – what the patent covers. Second, they provide notice to the public of what those boundaries are. It is the claims of the patent that are infringed when patent infringement occurs. The claims are at issue as well when the validity of a patent is challenged.

## 6.    BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, two different burdens of proof are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

Postscript contends that Attentive infringes the Postscript Asserted Patent. A party asserting patent infringement has the burden of proving infringement by a preponderance of the evidence. A preponderance of the evidence is evidence that, when considered in light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting infringement must make the scales tip somewhat toward the asserting party's side.

As I noted earlier, in addition to denying infringement, Attentive contends that the Postscript Asserted Patent is invalid. A party challenging the validity of a patent has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence means that it is highly probable the fact sought to be proved by the evidence is true. Proof by clear and convincing evidence is, thus, a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

## 7.    EVIDENCE

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The following things are not evidence: statements, arguments, questions, and objections by the lawyers; any testimony I tell you to disregard; and anything you may see or hear about this case outside the courtroom. During trial you will be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence. My legal rulings are not evidence. None of my comments or questions are evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may order you to disregard things that you saw or heard. You must completely ignore all of these things. Do not speculate about what a witness might say or what an exhibit might show. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

**8.**    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

**9.     CREDIBILITY OF WITNESSES**

You are the sole judges of each witness's credibility. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it.

You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witness's testimony while accepting other parts.

## 10.    DEPOSITION TESTIMONY

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present in court to testify.

## 11.    EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

**12.    SUMMARY OF THE PATENT ISSUES**

In this case, you must decide things according to the instructions I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. You must decide:

1)      Whether Postscript has proven by a preponderance of the evidence that Attentive has infringed one or more of the Postscript Asserted Claims.

2)      Whether Attentive has proven by clear and convincing evidence that one or more of the Postscript Asserted Claims is invalid.

3)      If you decide that Postscript has proven that Attentive infringed a claim not shown to be invalid, what monetary damages Postscript has proven by a preponderance of the evidence that it is entitled to.

**13.    CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors:

First, during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, not even among yourselves and not with family and friends. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about this case, including a fellow juror, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on or relating to this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means. It is important that you decide this case based solely on the evidence presented in the Courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, notebooks, and other computers. You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone

about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook, Snapchat, Instagram, Twitter, now known as X, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

**14.     JUROR NOTEBOOK**

To assist in your deliberations, you have been provided with a notebook that contains the following:

• Glossary of patent terms

• Sample patent mentioned in the video

• Copy of the Postscript Asserted Patent

These materials have been jointly submitted by the parties. Please refer to these materials to assist you during the trial.

## 15.    NOTE-TAKING BY JURORS

You will be given a notepad and pen.  If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. They are not to be read or given to anyone else including your fellow jurors. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your deliberations. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case.

If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, your notes will be collected and destroyed without review.

## 16.   SIDEBARS

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

## 17.    OUTLINE OF THE TRIAL

The trial will now begin.

First, each side may make an opening statement outlining its case. Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence. For example, Postscript will present its case and evidence through witnesses, and counsel for Attentive may cross-examine those witnesses. Postscript will also present its evidence regarding the damages that it believes are warranted if you find the Postscript Asserted Patent infringed and not invalid. Attentive will then have the opportunity to present its response to Postscript's case.

After all of the evidence has been presented, I will give you instructions on the law and describe for you the matters you must resolve. The lawyers will then offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story. You will then retire to the jury room to deliberate on your verdict.

## 18.    TRIAL SCHEDULE

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial. As I mentioned previously, the presentation of evidence in this case is expected to be completed Thursday or Friday of this week, with jury deliberations to follow.

We will normally begin the day at 9:00 a.m. There will be at least one break every morning and at least one break every afternoon. There will also be a lunch break each day – and every day other than today we will be able to order lunch for you. The dates and times of our trial days will be as follows:

Monday, August 25: 9:30 a.m. to 5:00 p.m.

Tuesday, August 26: 9:00 a.m. to 5:00 p.m.

Wednesday, August 27: 9:00 a.m. to 5:00 p.m.

Thursday, August 28: 9:00 a.m. to 5:00 p.m.

Friday, August 29: 9:00 a.m. to 5:00 p.m.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with the presentation of evidence by Friday, August 29.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word. I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine. You just need to get my attention

or my assistant's attention. That can be done usually by waving or raising a hand or, if need be, standing. And so if you need a break for any reason at any other times, please just get our attention.